**MISSOURI PACIFIC RAILROAD CO.**

v.

**The UNITED STATES.**

No. 370–75.

United States Court of Claims.

July 8, 1977.

Robert E. Simpson, Washington, D. C., for plaintiff; Robert T. Molloy, Washington, D. C. attorney of record. Mark M. Hennelly and James S. Hesse, St. Louis, Mo., of counsel.

C. Patrick Derdenger, Washington, D. C., with whom was Acting Asst. Atty. Gen. Myron C. Baum, for defendant. Theodore D. Peyser, Jr., Washington, D. C., of counsel.

Before NICHOLS, KASHIWA and BENNETT, Judges.

KASHIWA, Judge.

This tax refund action comes before the court on cross motions for partial summary judgment with respect to the issue set forth in Part III, paragraphs 12 and 13 of plaintiff's petition and paragraphs 22 and 23 of plaintiff's first amended petition. There is no genuine issue as to any material fact with relation to said issue.

Upon consideration of each party's motion, after briefing and oral argument, we conclude that we have no jurisdiction over the second-hand rail adjustment amortization issue raised in Part III of the petition since no claim for refund was filed in respect to that issue. Accordingly, we grant defendant's motion for partial summary judgment.

The question before the court is whether we have jurisdiction over the issue raised in Part III of plaintiff's petition when no claim for refund was filed in respect to that issue. This jurisdictional issue has its roots in a prior case filed by the same plaintiff, reported as *Missouri Pacific Railroad v. United States*, 497 F.2d 1386, 204 Ct.Cl. 837 (1974) (hereinafter *MOPA I*).

After we adopted the trial judge's opinion in *MOPA I*, the parties entered into an agreement on the amounts that represented the second-hand rail adjustment for each of the years 1957 through 1961. That agreement was contained in the stipulation for entry of judgment. The stipulation in pertinent part provided:

The parties further agree that notwithstanding dismissal of the petitions herein the following amounts represent the total secondhand rail adjustment for the periods indicated, and are subject to the amortization provisions of Rev.Proc. 68–46, 1968–2 Cum.Bull. 961:

In computing plaintiff's taxable income for the years 1957 through 1961 as a result of *MOPA I*, the amortization deductions based upon the adjustments referred to in the stipulation were taken into account. However, plaintiff did not take as deductions amortization of the second-hand rail adjustments for 1965 through 1967, as those adjustments were first asserted by defendant in *MOPA I* in amended answers filed on July 9, 1968, and April 2, 1969. In 1970 the Internal Revenue Service completed its audit of plaintiff's 1965, 1966, and 1967 returns. The audit resulted in large deficiencies in tax for each of the years, which taxes were assessed and then paid on January 28, 1971. On September 1, 1971, plaintiff filed for each of the years 1965 through 1967 a number of claims for refund, none of which asserted a right to amortization of the second-hand rail adjustments then being sought by the Government in *MOPA I* for 1957 through 1961. Instead, plaintiff waited until October 17, 1975, when it filed its petition in the instant case, to claim for the first time amortization of the second-hand rail adjustments for 1957 through

1961, for each of the years 1965 through 1967.

Unless a claim for refund or credit has been duly filed with the Secretary according to the provisions of law in that regard, no suit for recovery of taxes alleged to have been erroneously or illegally assessed or collected shall be maintained. I.R.C. § 7422(a). Plaintiff recognizes this principle but nevertheless contends that this court has jurisdiction to rule upon the amortization deduction issue for any one of the following reasons: that this court's decision and judgment in *MOPA I* constitute informal claims for refund with respect to the amortization deduction issue for the years 1965 through 1967; that the defendant has waived the statutory requirement of a timely claim for refund; that the claims for refund which were filed for 1965 through 1967 raising the second-hand rail adjustments for those years as a ground for refund were sufficient to put the Commissioner on notice that plaintiff was also raising as a ground for refund the amortization deductions based upon the second-hand rail adjustments for the years 1957 through 1961; or that the judgment in *MOPA I* is conclusive, in itself, with respect to the tax years involved in this suit.

It is unfortunate for plaintiff that we do not subscribe to any of its theories. However, we will separately address each of its contentions.

The decision and judgment in *MOPA I* do not constitute informal claims for refund for the years 1965 through 1967 in respect to the instant amortization deduction issue. We recognize that informal refund claims have long been held valid. *See, e. g., United States v. Kales*, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941). However, if an informal claim is to be valid, it must have a written component; and it must be clear and explicit in alerting the Commissioner that a refund of taxes is sought for certain years. *American Radiator & Standard Sanitary Corporation v. United States*, 318 F.2d 915, 920, 162 Ct.Cl. 106, 113–14 (1963). The decision and judgment in MOPA I were never submitted by

the plaintiff to the Commissioner. Moreover, without a specific demand on the Commissioner for a refund of taxes in respect to the amortization deduction issue for 1965 through 1967, MOPA I, which was directed to one set of years, could not be viewed as claims for other years. *Rosengarten v. United States*, 181 F.Supp. 275, 278–79, 149 Ct.Cl. 287, 293–94, *cert. denied*, 364 U.S. 822, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960). Although plaintiff relies on *Neilson v. Harrison*, 131 F.2d 205 (7th Cir. 1942), we find that case inapposite. The condition attached by the taxpayer in *Neilson* to the "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax" was clear and explicit and alerted the Commissioner that a refund of taxes was sought; such is not the case with the decision and judgment in *MOPA I*.

■ As to plaintiff's contention that the Commissioner waived its right to strict compliance with the statutory requirement of filing a timely claim for refund, we point to *United States v. Garbutt Oil Co.*, 302 U.S. 528, 533–34, 58 S.Ct. 320, 82 L.Ed. 405 (1938); *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619 (1933); *Tucker v. Alexander*, 275 U.S. 228, 231–32, 48 S.Ct. 45, 72 L.Ed. 253 (1927). The requirements imposed by Treasury regulations must be distinguished from those imposed by statute; the former requirements may be waived while the latter may not. In the instant case we are concerned with the statutory requirement of filing a timely claim for refund imposed by I.R.C. § 7422(a). Under the applicable law that requirement cannot be waived.

■ As to plaintiff's contention directed to its claims for refund for 1965 through 1967, we find that those claims made no demand for refund of taxes in respect to the amortization deductions based upon the second-hand rail adjustments made in each of the years 1957 through 1961. The raising of second-hand rail adjustments made for the years 1965 through 1967 in claims for refund for those same years is not sufficient to put the Commissioner on notice that plaintiff is also raising as grounds for refund the amortization deductions based upon second-hand rail adjustments made for prior years, *viz.*, 1957 through 1961.

■ We also do not find that the judgment in *MOPA I* is conclusive with respect to the tax years involved in this suit. In the realm of tax litigation, each taxable year constitutes a separate and distinct cause of action. *Commissioner v. Sunnen*, 333 U.S. 591, 597–99, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Accordingly, a court's judgment is conclusive only with respect to the cause of action which gave rise to that judgment and is in no way conclusive with respect to a subsequent and separate cause of action unless the doctrine of collateral estoppel is properly applicable. *Id.* Applying this principle in the instant case, *MOPA I* is conclusive only with respect to the tax years in suit in that case, 1957 through 1961, and is not conclusive, in itself, to grant plaintiff the amortization deduction for the years in suit in the instant case, 1965 through 1967. The doctrine of collateral estoppel cannot be applied by this court because we do not have jurisdiction over the amortization deduction in issue since that issue was not set out in timely claims for refund.

■ Plaintiff has also raised several miscellaneous points in its reply brief to which we now turn our attention. Plaintiff argues that it was constrained to wait until a final judgment was rendered in *MOPA I* before it could assert its position with respect to the amortization deduction issue and was therefore precluded from filing timely claims for refund. We do not agree. Plaintiff could have timely asserted its position in the form of protective claims for refund at any time prior to January 28, 1973, since the time for filing claims for refund for 1965 through 1967 did not expire until then, *viz.*, two years after the payment of the deficiency assessments. I.R.C. § 6511(a). Prior to January 28, 1973, plaintiff was well aware of the Government's position with respect to the second-hand rail adjustments and the probability that the Government's position would be sustained; on February 18, 1972, we announced *Chica-*

**600**

go, *Burlington & Quincy R.R. v. United States*, 455 F.2d 993, 1010–14, 197 Ct.Cl. 264, 292–99 (1972), *rev'd on other grounds*, 412 U.S. 401, 93 S.Ct. 2169, 37 L.Ed.2d 30 (1973).

Lastly, plaintiff likens its situation to *M. A. Ferst, Ltd. v. United States*, 58–1 U.S. T.C. 9144, 1 A.F.T.R.2d 442 (N.D.Ga.1957). However, that case is distinguishable since the petitioner in *Ferst* filed timely claims for refund for the years 1940 through 1945, seeking a refund by way of recoupment out of the tax deficiencies paid for the years 1940 through 1945. In the instant case, plaintiff has filed no timely claims for 1965 through 1967 raising the amortization deduction issue as a ground for refund. Moreover, plaintiff's counsel admitted during oral argument that plaintiff is not relying upon the doctrine of equitable recoupment as a basis for recovery in the instant case.

### CONCLUSION

For the foregoing reasons, the plaintiff's motion for partial summary judgment be and is hereby denied; defendant's motion for partial summary judgment with relation to the issue set forth in paragraphs 12 and 13 of Part III of plaintiff's petition and in paragraphs 22 and 23 of plaintiff's first amended petition be and is hereby allowed; and the portion of plaintiff's petition in Part III, paragraphs 12 and 13, and in paragraphs 22 and 23 of plaintiff's first amended petition be and is hereby dismissed.