This tax refund suit is before the court on defendant’s motion for partial summary judgment asking that Count Two of the petition be dismissed. Taxpayers have not responded to the motion. We believe the motion to be well taken on the grounds of equitable estoppel because plaintiffs induced the defendant to accept a proposal to resolve the issue. Defendant accepted and relied upon the proposal, and the statute of limitations then expired. Plaintiffs should not be allowed to renounce an agreement defendant has relied on to its detriment. Plaintiffs are equitably estopped. Guggenheim v. United States, 111 Ct. Cl. 165, 77 F.Supp. 186 (1948), cert. denied, 335 U.S. 908 (1949).
Further, in making the refund claim on Count One, the individual income taxes, plaintiffs did not at any time raise *725 the issue of transferee liability now raised by suit for the first time in Count Two. This is impermissible under Flora v. United States, 362 U.S. 145 (1960), 26 U.S.C. § 7422(a) (1970), 26 C.F.R. § 301.6402-2(b)(1) (1977), the pertinent Treasury Regulation, and recently decided cases. Missouri Pac. R.R. v. United States, 214 Ct. Cl. 623, 558 F.2d 596 (1977), Fruehauf Corp. v. United States, 201 Ct. Cl. 366, 477 F.2d 568 (1973).
it is therefore ordered, upon consideration of defendant’s motion for partial summary judgment (plaintiffs being in default in answering thereto), and without oral argument, that defendant’s motion is granted and Count Two of the petition is dismissed.