The case is before the court on the United States’ motion to dismiss for lack of subject matter jurisdiction. Upon consideration of the moving papers, and for the reasons discussed below, we grant defendant’s motion and dismiss the petition. Because we decide that we are without subject matter jurisdiction, we express no view on whether plaintiff is time-barred from filing a claim for a refund with the Internal Revenue Service (IRS).
In 1978, an audit of plaintiffs income tax return for calendar year 1975, resulted in a deficiency assessment of $2,253.04. On April 14, 1978, plaintiff paid this sum. On May 15, 1978, an excess payment of $2.00 was refunded to *469 plaintiff. On January 18, 1980, plaintiff brought suit in this court seeking recovery of $2,251.04.
The above facts are uncontested, inasmuch as plaintiff has failed to respond to defendant’s motion to dismiss. This failure to respond would ordinarily be ground enough upon which this court could grant defendant’s motion. However, in view of the fact that plaintiff is appearing pro se, the court is reluctant to penalize him on what might be termed "purely procedural” grounds.
Notwithstanding the court’s solicitude regarding pro se plaintiffs, the instant petition múst be dismissed for lack of subject matter jurisdiction. The Internal Revenue Code § 7422(a) provides in part:
No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.
Further, this court, in construing § 7422(a), has stated that "[u]nless a claim for refund or credit has been duly filed with the Secretary according to the provisions of law in that regard, no suit for recovery of taxes alleged to have been erroneously or illegally assessed or collected shall be maintained.” Missouri Pacific Railroad v. United States, 214 Ct.Cl. 623, 626, 558 F.2d 596, 598 (1977) (citation omitted).
Defendant contends that plaintiff made no claim for a refund, as required by the provisions of § 7422(a) or under Missouri Pacific, and, therefore, defendant reasons, this court lacks subject matter jurisdiction. Since, as we have stated earlier, plaintiff does not respond to the instant motion, there does not appear to be any reason to doubt defendant’s contention that no claim for refund was ever filed.
Further support for defendant’s position is apparent from the record in this case. It appears that plaintiff, in his *470 answers to defendant’s interrogatories, admits that no formal claim for a refund was ever filed with the IRS for the calendar year 1975. This admission, without more, is not conclusive on the issue of whether a refund claim was filed. We recognize "informal” refund claims. See e.g., Missouri Pacific Railroad v. United States, supra; Kuehn v. United States, 202 Ct.Cl. 473, 480 F.2d 1319 (1973); Brigham v. United States, 200 Ct.Cl. 68, 470 F.2d 571 (1972), cert. denied, 414 U.S. 831 (1973); Barenfeld v. United States, 194 Ct.Cl. 903, 442 F.2d 371 (1971). Nevertheless, the admission provides substantial support for defendant’s position.
Plaintiff says, in his reply to defendant’s second amended answer, that he "filled out” an amended income tax return (form 1040X) at the time his 1975 income tax return was being examined. This amended income tax return normally constitutes a sufficient claim for a refund if timely filed. Treas. Reg. § 301.6402-3(a)(2).
However, we are not convinced that such a document exists. Apart from plaintiffs assertion that he "filled out” a "1040X,” there is no evidence that this document exists. Plaintiff cannot present a copy or any other competent evidence to show that an amended return exists; and defendant is unable, despite some effort, to locate such a document. Furthermore, plaintiffs answers to defendant’s interrogatories concerning whether plaintiff did in fact file an amended return does no more than to refer us to plaintiffs reply, wherein plaintiff states that "the tax examiner and myself filled it [the amended return] out.” In the absence of other competent evidence that plaintiff filed a completed form 1040X, we cannot speculate as to its existence.
Finally, defendant is correct in pointing out that the filing of this lawsuit does not constitute a claim for a refund under § 7422(a). Disabled American Veterans v. United States, 227 Ct.Cl. 474, 476, 650 F.2d 1178, 1179 (1981).
Without the claim for a refund as required by § 7422(a), no suit can be maintained. This court is therefore without subject matter jurisdiction in this action. Accordingly, defendant’s motion to dismiss is granted and plaintiffs petition is hereby dismissed.
IT IS SO ORDERED.
*471 Plaintiffs motion for rehearing was denied November 20, 1981.