**Phillip R. and Carmen M. MERTENS**

v.

**The UNITED STATES.**

**No. 71–86T.**

United States Claims Court.

July 15, 1987.

Guido A. Loyola, Schenectady, N.Y., for plaintiff.

Harry M. Ng, Washington, D.C., with whom was Asst. Atty. Gen. Roger M. Olsen, for defendant.

## OPINION

YOCK, Judge.

This tax refund case is currently before the Court on defendant's motion to dismiss on the grounds that this Court lacks jurisdiction. For the reasons discussed herein, defendant's motion is granted and the complaint is to be dismissed.

### Facts

The plaintiffs seek recovery of some $3,300 [1] in federal income taxes paid by them for tax years 1976 through 1979. Joint federal income tax returns were filed on or about the fourteenth day of April following the close of each tax year at issue.[2] On January 4, 1984, the plaintiffs

---

1. Plaintiffs claim income tax refunds for each year as follows:

|      |           |
|------|-----------|
| 1976 | $ 276.06  |
| 1977 | $2,097.39 |
| 1978 | $ 690.52  |
| 1979 | $ 239.75  |
|      | $3,303.72 |

It should be noted, however, that the amount of relief prayed for by plaintiffs in the last paragraph of their complaint is $2,563.35. No explanation for the difference was given.

2. Additionally, for tax year 1979, plaintiffs were

filed amended tax returns for each of the above years based on a computation of income averaging which, if allowed, would have resulted in a lower tax liability. By certified letter dated February 27, 1984, the Internal Revenue Service (IRS) notified plaintiffs that their claims for refund filed January 4, 1984, had been disallowed.

Defendant, in its motion to dismiss, argues that the amended returns filed by the plaintiffs constituted claims for refund that were not filed within the statute of limitations period prescribed by 26 U.S.C. § 6511(a) (1982). Because a duly filed claim for refund is a prerequisite to jurisdiction in this Court and since plaintiffs' claims for refund were not timely filed, the Government asserts that the Claims Court lacks jurisdiction over the subject matter of this suit.

Plaintiffs counter defendant's argument and assert that the filing of the amended tax returns served to extend the time to present and file a claim for overpayment. Thus, their claim was duly made and the present action is properly before the Court.

### Discussion

The doctrine of sovereign immunity precludes suits against the United States unless such immunity has been specifically waived. *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Further, this waiver must be unequivocally expressed and will be strictly construed. *United States v. Mitchell, supra. Decca, Ltd. v. United States*, 225 Ct.Cl. 326, 640 F.2d 1156 (1980), *cert. denied*, 454 U.S. 819, 102 S.Ct. 99, 70 L.Ed.2d 89 (1981).

■ In tax refund cases, permission to sue the United States is conditioned upon a claim for refund having been "duly filed"

with the IRS.[3]  26 U.S.C. § 7422(a) (1982); *United States v. Michel*, 282 U.S. 656, 658, 51 S.Ct. 284, 285, 75 L.Ed.2d 598 (1931); *Hampton v. United States*, 206 Ct.Cl. 422, 436, 513 F.2d 1234, 1243, *cert. denied*, 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975); *Sun Chemical Corp. v. United States*, 698 F.2d 1203, 1206 (Fed.Cir.), *cert. denied*, 464 U.S. 819, 104 S.Ct. 81, 78 L.Ed.2d 91 (1983).

In order for a taxpayer to obtain a refund of taxes, such claim for refund must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later * * *." 26 U.S.C. § 6511(a) (1982).

■ Plaintiffs in this case contend that the filing of their amended returns served to extend the time to present and file a claim for overpayment. This argument is without merit. The statute of limitations period starts to run at the time the *original* return is filed or when the income tax is paid. *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 177–78, 55 S.Ct. 127, 129–30, 79 L.Ed. 264 (1934); *Kaltreider Construction Inc. v. United States*, 303 F.2d 366, 368 (3d Cir.), *cert. denied*, 371 U.S. 877, 83 S.Ct. 148, 9 L.Ed.2d 114 (1962); Rev.Rul. 72–311, 1972–1 C.B. 398.

■ Section 6511 required that plaintiffs file their claims for refund on or before April 14, 1979, 1980, 1981 and 1982 for tax years 1976 through 1979 respectively. However, because the IRS assessed a deficiency of $375 against plaintiffs' 1979 tax return, the statute of limitations for that amount did not expire until November 16, 1983, two years after it was paid by the plaintiffs. *See* Rev.Rul. 72–311, *supra*.

Plaintiffs filed their amended returns, which constitute claims for refund pursuant to Treasury Regulation 301.6402–

---

assessed a deficiency of $375 on November 2, 1981. Plaintiffs paid this amount on November 16, 1981.

**3.** 26 U.S.C. § 7422(a) (1982) provides in pertinent part:

"(a) No suit prior to filing claim for refund. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or

illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*" [Emphasis added.]

3(a)(5);[4] on January 4, 1984, well beyond the applicable limitations periods.

Such untimely filed claims are not "duly filed" within the meaning of 26 U.S.C. § 7422(a) (1982). As a result, plaintiffs are deprived of their right to sue and, thus, this Court is without jurisdiction to decide this case. *Missouri Pacific R.R. v. United States,* 214 Ct.Cl. 623, 626, 558 F.2d 596, 597 (1977); *Bondanza v. United States,* 207 Ct.Cl. 945, 521 F.2d 1405 (1975). *See also Trout v. United States,* 1 Cl.Ct. 219 (1983).

## CONCLUSION

For the reasons discussed above, defendant's motion is granted and the plaintiffs' complaint is to be dismissed.

---

4. Treas.Reg. § 301.6402–3(a)(5) provides:
"A return or amended return shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return (or amended return) is filed."