IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-31037

---

PALA, INC. EMPLOYEES PROFIT SHARING PLAN AND TRUST AGREEMENT,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Middle District of Louisiana

---

November 29, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:


This case requires us to examine the nuances of the "informal claim" doctrine. Plaintiff-Appellant filed suit, requesting a tax refund from the Internal Revenue Service. Although it never made a formal refund claim to the IRS, Plaintiff-Appellant asserts that it filed a timely "informal claim." The district court dismissed for lack of subject matter jurisdiction, concluding that no timely claim was filed. Upon denial of its motion for reconsideration,

Plaintiff-Appellant asks this Court to overturn the district court's judgment of dismissal. We decline this invitation.

I

In 1975 PALA, Inc. established an Employees Profit Sharing Plan and Trust, for which PALA served as trustee. The IRS sent PALA favorable determination letters, which stated that the Plan was qualified as a tax-exempt profit sharing plan. In 1983 PALA decided to terminate the Plan and received a favorable termination letter from the IRS. All of the Plan's assets were distributed except those belonging to Jose Ricardo Tarajano, PALA's president. His assets consisted of PALA stock. Tarajano sought to place the stock in an IRA account but could not find a willing financial institution. PALA lacked sufficient funds to redeem Tarajano's stock and his assets remained in the Plan. Applying Revenue Ruling 89-87,[1] the IRS consequently determined that the Plan had not been terminated. On May 18, 1992, PALA redeemed Tarajano's stock and distributed the balance to him.

On June 1, 1992, PALA filed an additional request for an IRS determination that the Plan was terminated. The IRS responded on April 3, 1993, by sending a proposed adverse determination letter

_____

[1] 1989-2 C.B. 81. In its ruling, rendered on July 3, 1989, the IRS stated that a plan would not be considered terminated if assets remained in the plan's trust. It also noted that, if a plan's assets were not distributed as soon as administratively feasible, the plan would have to continue to meet the qualifications of I.R.C. § 401(a) to retain its qualified status. *See id.*

to PALA. In its letter, the IRS indicated that, for the plan year ending May 31, 1988, and all years thereafter, the Plan was not qualified as a tax exempt plan under I.R.C. § 401. The IRS asserted that the Plan continued in existence and that no new employees had been admitted to participate.[2] The IRS concluded that the Plan was not terminated and that it was therefore not tax exempt for the years 1988 through 1991.

PALA filed Form 1041 fiduciary income tax returns for the 1988-1991 period and attached a request for waiver of penalties because the disqualification was retroactive.[3] PALA appealed the IRS's proposed disqualification of the Plan's tax exempt status. In a letter to the IRS dated May 4, 1993, PALA argued that the IRS could not retroactively disqualify the Plan more than three years from the timely filing of a Form 5500 with attached Schedule P.[4] PALA argued that, because the proposed adverse determination letter was dated April 8, 1993, the IRS could not retroactively disqualify the Plan for any plan year prior to the plan year beginning June 1, 1989. Moreover, PALA also argued in its letter that the proposed disqualification was erroneous for all years. In the wake of this

---

[2] The IRS apparently based its decision on, inter alia, the requirements articulated in 26 U.S.C.A. § 401(a)(26), 410(b)(1) (1998 & Supp. 2000).

[3] PALA paid the taxes on April 14, 1993.

[4] PALA timely filed an informational return, Form 5500-EZ (Annual Return of One Participant (Owners and their Spouses) Pension Benefit Plan), as well as a Schedule P (Annual Return of Fiduciary of Employee Benefit Trust).

letter and discussions at an appellate conference, the IRS refunded the tax paid for the plan years ending May 31, 1988 and 1989.

On November 19, 1996, the IRS issued its final determination letter, concluding that the Plan was disqualified because it failed to meet the requirements of I.R.C. § 401 for the plan years beginning after May 31, 1990, and for all subsequent years. PALA then sought a refund of taxes paid for 1990 and 1991. It sent a letter to the IRS on January 23, 1997, entitled, "Second Request for Refund," in which it "reiterate[d] its prior request for refund for all taxes, interest and penalties paid for the years ending May 31, 1988; May 31, 1989; May 31, 1990; and May 31, 1991, plus interest thereon." On March 18, 1997, PALA sent a "Follow Up Letter" making the same request. The IRS granted a partial refund on April 28, 1997, refunding only the 1990 tax.

PALA filed suit for a refund of $64,004 for the year ending May 31, 1991. The district court dismissed for lack of subject matter jurisdiction, asserting that PALA did not file a timely administrative claim for refund of the 1991 tax. The court denied PALA's motion for new trial, which the court treated as a motion for reconsideration. PALA appeals the dismissal of its claim.[5]

II

---

[5] PALA also asks this Court to supplement the record on appeal. Our disposition of this case renders it unnecessary for us to decide these motions.

4

In adopting 28 U.S.C. § 1346(a)(1), Congress waived sovereign immunity for purposes of civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."[6] Congress conditioned this waiver on the filing of refund claims within the appropriate statute of limitations.[7] According to the Internal Revenue Code, a claim for a tax refund must be presented "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."[8] In this case, the three-year period of limitations began to run as of December 31, 1992, the due date for PALA's Form 5500 with attached Schedule P for fiscal year ending May 31, 1992. Because PALA's return is deemed filed on December 31, 1992, PALA had until December 31, 1995, to file a timely

---

[6] 28 U.S.C.A. § 1346(a) (Supp. 2000).

[7] *See United States v. Mottaz*, 476 U.S. 834, 841 (1986) ("When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction.").

[8] 26 U.S.C.A. § 6511(a) (Supp. 2000). Reading this provision together with 26 U.S.C. § 7422(a) and 28 U.S.C.A. § 1346(a)(1), the Supreme Court has concluded that, "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court." *United States v. Dalm*, 494 U.S. 596, 602 (1990).

administrative claim for refund.[9] The Code requires that a claim for refund be made on an amended version of the otherwise appropriate return—in this case, Form 1041.[10] The timely filing of such a claim is a jurisdictional prerequisite to a refund suit.[11]

PALA argues that, although it never filed a 1041 refund claim within the limitations period, it presented a timely "informal claim." While its theoretical underpinnings remain shrouded in some obscurity,[12] the informal claim doctrine has received the endorsement of the Supreme Court.[13] According to this doctrine, an informal claim is sufficient if it is filed within the statutory period, puts the IRS on notice that the taxpayer believes an erroneous tax has been assessed, and describes the tax and year

---

[9] *See* 26 U.S.C.A. § 6511(a), § 6513(a) (Supp. 2000). PALA filed the form early, on August 25, 1992. However, the due date for the form is the relevant date for section 6511 purposes. *See* 26 U.S.C. § 6513(a). Because PALA paid the tax on April 14, 1993, the two-year period would expire on April 14, 1995. Thus, the filing due date for PALA's Form 5500 with attached Schedule P actually triggers the statute of limitations, as the limitations period would expire approximately six months later than if the period were calculated from the payment of the tax. *See* 26 U.S.C. § 6511(a).

[10] *See* 26 C.F.R. § 301.6402-3(a)(4) (2000); *see also* 26 C.F.R. § 301.6402-2(b)(1) (2000).

[11] *See Dalm*, 494 U.S. at 601-02, 609-10; *Gustin v. United States*, 876 F.2d 485, 488 (5th Cir. 1989).

[12] For an excellent discussion of the theoretical difficulties associated with the informal claim doctrine, see *BCS Fin. Corp. v. United States*, 118 F.3d 522, 524-27 (7th Cir. 1997) (Posner, C.J.).

[13] *See United States v. Kales*, 314 U.S. 186, 194 (1941).

with sufficient particularity to allow the IRS to undertake an investigation.[14] Although an informal claim may include oral communications, it must have a written component.[15] There are no "hard and fast rules" for determining the sufficiency of an informal claim, and each case must be decided on its own facts "'with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made.'"[16] However, it is not enough that the IRS merely "has information somewhere in its possession from which it might deduce that the taxpayer is entitled to a refund."[17]

PALA points to five potential sources of an informal claim: (1) PALA's May 4, 1993 letter; (2) the IRS's November 8, 1993, letter to PALA; (3) the IRS's November 19, 1996 letter; (4) the IRS's April 28, 1997 letter; and (5) unspecified oral communications between PALA and IRS agents. None of the

---

[14] *See Kales*, 314 U.S. at 194-95; *Gustin*, 876 F.2d at 488; *Bauer v. United States*, 594 F.2d 44, 46 (5th Cir. 1979); *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920 (Ct. Cl. 1963); Michael I. Saltzmann, *IRS Practice & Procedure* ¶ 11.08[2] (2000).

[15] *See Gustin*, 876 F.2d at 488. As the Court of Claims has stated, the informal claim must provide "clear and explicit" notice. *Missouri Pacific R.R. Co. v. United States*, 558 F.2d 596, 598 (Ct. Cl. 1977); *see Bauer*, 594 F.2d at 46.

[16] *See Gustin*, 876 F.2d at 488-89, *quoting Newton v. United States*, 163 F. Supp. 614, 619 (Ct. Cl. 1958).

[17] *Gustin*, 876 F.2d at 489; *see American Radiator*, 318 F.2d at 920.

communications from the IRS to PALA indicate even indirectly that the IRS was aware of a claim for the 1991 tax that was filed within the statutory period.[18] The portion of PALA's May 4, 1993 letter that addresses the limited retroactive application of the proposed ruling only extended to the years up to and including 1990. As that portion of the letter did not specifically address the 1991 tax period, it did not provide the IRS with notice sufficient to constitute an informal claim for that period.[19]

The second portion of the May 4, 1993, letter initially provided the IRS with the requisite notice. That section of the letter contained an objection to the basis for the proposed adverse determination itself. The letter requested that "the entire adverse determination be withdrawn," thereby objecting to the tax levied on all of the years targeted by the proposed adverse determination - including 1991. Indeed, the IRS's proposed adverse determination letter, which was dated April 8, 1993, attempted to disqualify the Plan for all plan years "ending May 31, 1988 *and subsequent years*" (emphasis added).[20] The fact that PALA's letter does not

_____

[18] The factual irrelevance of the IRS letters is apparent despite the procedural posture of the case. We review the dismissal of a complaint applying a de novo standard, accepting all well-pleaded facts and drawing all reasonable inferences in favor of the non-movant, PALA. *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 605 (5th Cir. 1998).

[19] *See Rosengarten v. United States*, 181 F. Supp. 275, 278-79 (Ct. Cl. 1960).

[20] The May 4, 1993, letter from PALA specifically refers to the scope of the proposed adverse determination, noting that it applies

specifically mention the year 1991 is irrelevant; the IRS had ample notice that the entire determination—and thus every year covered by the determination—was the subject of a claim for refund.[21] As this Court has noted, "the writing should not be given a crabbed or literal reading, ignoring all the surrounding circumstances which give it body and content."[22] Cases applying this doctrine have found informal claims in similar and arguably less compelling circumstances.[23] The May 4, 1993, letter is therefore consonant with

---

to "plan years beginning after May 31, 1987."

[21] In *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 921 (Ct. Cl. 1963), the court stated that an informal claim is present even where it is "partially informative" and fails "to match particular amounts to particular years." *Id.* An informal claim is therefore valid even though it is "'too general' or suffering from a 'lack of specificity.'" *Id.*, *quoting United States v. Kales*, 314 U.S. 186, 194 (1941).

[22] *Gustin v. United States*, 876 F.2d 485, 489 (5th Cir. 1989), *quoting American Radiator*, 318 F.2d at 920.

[23] *See*, *e.g.*, *Penn Mut. Indemn. Co. v. Comm'r*, 277 F.2d 16, 18-19 (3d Cir. 1960) (holding that a letter attached to a return protesting the constitutionality of an imposed tax was an informal claim); *Newton v. United States*, 163 F. Supp. 614, 619-20 (Ct. Cl. 1958) (finding that a written protest prior to or accompanying payment of a tax constituted an informal claim); *Cumberland Portland Cement Co. v. United States*, 104 F. Supp. 1010, 1013-14 (Ct. Cl. 1952) (finding an informal claim in a letter attached to a waiver of restrictions on an assessment); *Night Hawk Leasing Co. v. United States*, 18 F. Supp. 938 (Ct. Cl. 1937) (finding an informal claim in a notation on the back of a check issued to pay tax). *But see Rosengarten*, 181 F. Supp. at 278-79 (finding no informal claim where claim filed for another year or different period).

the policy objective underlying the statute of limitations—i.e., to provide the government with "protection against stale demands."[24]

However, in a submission to the district court, PALA conceded that, although it had initially disagreed with the grounds for the disqualification, "the disqualification of the Plan in itself was ultimately not opposed by PALA and is not a part of this proceeding. The dispute concerning the refund turns on how far back the Plan could be retroactively disqualified."[25] Consequently, PALA admits to abandoning its informal claim for refund of the 1991 tax. Nothing in the record indicates that PALA resurrected its claim within the statutory time frame.[26]

Even if PALA had filed a timely informal claim, this claim was not subsequently amended by a formal claim. Informal claims have been likened to pleadings, for which technical deficiencies generally can be corrected by amendment so as to relate back to the

---

[24] *United States v. Brockamp*, 519 U.S. 347, 353 (1997) (citations omitted).

[25] *See* Appellant's Memorandum in Opposition to Motion to Dismiss, at 2 & n.2. Counsel for PALA also conceded at oral argument that the May 4, 1993, letter was insufficient - in and of itself - to effect an informal claim.

[26] PALA's abandonment of this argument renders it unnecessary for us to decide whether the oral communications between PALA and the IRS prove the existence of an informal claim for the 1991 tax. We note that PALA does not argue that it offered timely oral requests for refund of the 1991 tax; it contends only that oral discussions encompassed the applicability of the retroactivity argument  to the 1990 tax.

original date of filing suit.[27] Similarly, courts will excuse "harmless noncompliance" with the formalities prescribed for refund claims.[28] However, the doctrine is predicated on an expectation that these formal deficiencies will at some point be corrected.[29] Moreover, if the IRS rejects the informal claim after the statutory period has expired, the claim can not be amended.[30]

PALA concedes that it did not file an amended 1041 return, as required by Treasury Department regulations. Although it submitted two letters to the IRS in 1997, which purported to be claims for refund, PALA failed to comply with the basic requirement of filing an amended 1041. In addition, the IRS arguably rejected PALA's claim for a refund of the 1991 tax when it issued its final adverse determination letter on November 19, 1996. The adverse

---

[27] *See* Fed. R. Civ. P. 15(c); *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 72-73 (1933) (Cardozo, J.). However, while the Supreme Court has embraced the pleadings analogy, it has also cautioned that this analogy "is not to be so slavishly followed as to ignore the necessities and realities of administrative procedure." *United States v. Andrews*, 302 U.S. 517, 524 (1938).

[28] *BCS Fin. Corp. v. United States*, 118 F.3d 522, 524 (7th Cir. 1997) (Posner, C.J.).

[29] *See United States v. Kales*, 314 U.S. 186, 194 (1941); *Memphis Cotton Oil Co.*, 288 U.S. at 72-73; *BCS Fin. Corp.*, 118 F.3d at 524; *American Radiator*, 318 F.2d at 921-22; *Tobin v. Tomlinson*, 310 F.2d 648, 652 (5th Cir. 1962); *Night Hawk Leasing Co.*, 18 F. Supp. at 941-42; *Hollie v. Comm'r*, 73 T.C. 1198, 1216 (1980); Boris I. Bittker & Lawrence Lokken, *Federal Taxation of Income, Estates and Gifts* ¶ 112.5.2 (2000).

[30] *See Tobin*, 310 F.2d at 652; *Hollie*, 73 T.C. at 1216; Bittker & Lokken, *supra*, at ¶ 112.5.2.

determination letter specifically rejected PALA's contention in its May 4, 1993, letter that the disqualification was erroneous *ab initio*. Consequently, no subsequent amendments could remedy the formal inadequacies of PALA's claim. This leaves waiver, an alternate strand of the informal claim doctrine.

## III

The Supreme Court has long recognized the power of the IRS to waive the formal requirements established by the Treasury Department for refund claims.[31] As the Court has noted, where the Commissioner decides not to insist upon the formal requirements for a refund, "it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it."[32] However, "the courts should not unduly help disobedient refund claimants to slip through . . . . The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim."[33] Although the Commissioner need

---

[31] *See Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 297-99 (1945); *Kales*, 314 U.S. at 196-97; *see also Gustin v. United States*, 876 F.2d 485, 489 (5th Cir. 1989).

[32] *Angelus Milling Co.*, 325 U.S. at 297.

[33] *Id.* at 297.

12

not expressly state that he is waiving these requirements, the implication of waiver should not be "tenuously argumentative."[34]

PALA argues that, because the IRS issued a refund for the 1990 tax—thereby waiving the requirement that PALA file a formal refund claim for that year—PALA can not be held to the formal claim requirements for the 1991 tax. PALA argues that the 1990 and 1991 taxes were paid at the same time and that assessment of tax for both years was time-barred when the IRS issued its final decision in 1996. While the reason behind the decision to refund the 1990 tax is unclear,[35] the waiver of tax for one time period does not compel waiver for a different time period, however analogous.[36] Because PALA never made a timely claim for the 1991 tax, the IRS can not be deemed to have waived the formal claim requirements for that period.

PALA also argues that the IRS is estopped from refusing a refund because it did not issue a final decision until 1996. Cases applying the waiver doctrine in the refund context fail to clearly

---

[34] *Id*. at 298. We note that the IRS can not waive the statutory time limits for filing. However, the IRS can waive formal requirements articulated in its own regulations. *See Missouri Pacific R.R. Co. v. United States*, 558 F.2d 596, 599 (Ct. Cl. 1977).

[35] The IRS claims on appeal that the 1990 refund was simply an error committed by an IRS agent.

[36] *See Berman v. United States Treasury Dep't*, 63 A.F.T.R.2d 89-538 (E.D.N.Y. 1988)("[A]pparent waiver of the statute of limitations at the administrative level for the 1979 taxable year does not constitute a waiver for subsequent taxable years.").

13

differentiate between actual and constructive waiver. Moreover, this blurred waiver doctrine noticeably shades into estoppel.[37] Indeed, cases applying the waiver doctrine have used it on occasion "to prevent the IRS agents from lulling taxpayers into missing the three-year deadline."[38]

PALA attempts to align itself with such cases, arguing that, by the time of the 1996 final determination letter, the IRS—under PALA's retroactivity argument—could not collect taxes as far back as 1991. PALA argues that, because the IRS delayed its final decision for slightly more than three years, it prevented PALA from asserting a refund claim for the 1991 tax within the statutory period. PALA could not have known in 1993, when it paid the 1991 tax, that the IRS's then-unforeseeable delay would create grounds for reimbursement. However, PALA could have filed a protective claim for refund as early as 1994; this it failed to do.[39] In fact,

---

[37] *See BCS Fin. Corp. v. United States*, 118 F.3d 522, 526 (7th Cir. 1997) ("Waiver . . . differs by only a hair's breadth from estoppel."). We share the Seventh Circuit's concern that the Supreme Court's decision in *United States v. Brockamp*, 519 U.S. 347 (1997), calls into question the continuing viability of the waiver/estoppel strand of the informal claim doctrine. *See id.* However, as the Supreme Court has not expressly overruled its cases articulating the waiver doctrine, we refuse to infer such an intention.

[38] *Id.; see United States v. Kales*, 314 U.S. 186, 196-97 (1941); *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 70-71 (1933).

[39] *See BCS Fin. Corp.*, 118 F.3d at 526; *United States v. Commercial Nat'l Bank of Peoria*, 874 F.2d 1165, 1170 (7th Cir. 1989); *Swietlik v. United States*, 779 F.2d 1306, 1307 (7th Cir.

PALA did not attempt to file even an informal refund claim for the 1991 tax until 1997. To the extent that PALA argues for an equitable tolling of the statute of limitations, controlling Supreme Court precedent refutes its position.[40]

As the district court was without subject matter jurisdiction, we hereby AFFIRM its dismissal of PALA's claim.

AFFIRMED.

---

1985); *Newton v. United States*, 163 F. Supp. 614, 619-20 (Ct. Cl. 1958); Saltzmann, *supra*, at § 11.08[3].

[40] *See United States v. Brockamp*, 519 U.S. 347 (1997) (holding that courts can not equitably toll the statute of limitations for refund claims under section 6511 of the Internal Revenue Code); *see also Missouri Pacific R.R. Co. v. United States*, 558 F.2d 596, 599 (Ct. Cl. 1977) ("The requirements imposed by Treasury regulations must be distinguished from those imposed by statute; the former requirements may be waived while the latter may not.").