In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1886

LLWELLYN GREENE-THAPEDI,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 3294—**Ronald A. Guzmán**, *Judge.*

SUBMITTED OCTOBER 8, 2008[*]—DECIDED DECEMBER 3, 2008

Before RIPPLE, WOOD and TINDER, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Llewellyn Greene-Thapedi brought
this action in the United States District Court for the
Northern District of Illinois. She sought a refund of an

---

[*] After examining the briefs and the record, we have con-
cluded that oral argument is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See* Fed. R. App. P.
34(a)(2).

overpayment of income tax that she had paid for the 1999 taxable year, but which the IRS had applied to taxes that she owed from the 1992 taxable year. The district court determined that the Government properly assessed the taxes, notified Ms. Greene-Thapedi of the 1992 tax deficiency and issued Ms. Greene-Thapedi a refund check for the remaining amount she was owed. It therefore entered judgment in favor of the Government. We vacate the judgment of the district court and remand the case with instructions that the district court dismiss the case for lack of subject matter jurisdiction.

# I

## BACKGROUND

### A.

On April 30, 1996, Ms. Greene-Thapedi filed a tax return for 1992 and reported a liability of $31,342, which was $1,342 more than the estimated tax payment she had previously made. The IRS challenged her reported liability. It determined that she owed an additional $24,966 plus penalties and sent Ms. Greene-Thapedi a notice of deficiency on August 29, 1996.

Ms. Greene-Thapedi filed a petition in the United States Tax Court for a redetermination of the taxes that she owed for the 1992 taxable year. On June 5, 1997, the tax court determined that she owed the Government $10,195.

On December 19, 1997, the IRS assessed the $10,195 deficiency, plus $4,319.53 in interest against Ms. Greene-

Thapedi. The IRS claims that it sent her a notice of deficiency that day. Ms. Greene-Thapedi, however, maintains that she did not receive the notice.

On July 3, 2000, the IRS sent Ms. Greene-Thapedi a notice of intent to levy assets. The notice stated that she owed $23,805.53 in taxes, interest and penalties for the 1992 taxable year. Ms. Greene-Thapedi paid $10,195 for the deficiency and $4,319.53 for the interest accrued through December 19, 1997, but refused to pay any interest and penalties from December 19, 1997 to July 3, 2000 on the ground that she had not received the December 1997 deficiency notice.

**B.**

Ms. Greene-Thapedi also brought an action in the tax court to recover a $10,663 overpayment of her 1999 federal income tax. In October 2002, while this action was pending, the IRS applied the 1999 overpayment to her disputed 1992 tax liability. *See* I.R.C. § 6402(a). This offset not only eliminated Ms. Greene-Thapedi's 1992 liability, but also left a credit on her 1992 account.

In 2003, Ms. Greene-Thapedi filed this action in district court to recover the 1999 overpayment. The district court stayed its proceedings pending the outcome of the tax court proceeding. In January 2006, the tax court held that because of the offset, it no longer had jurisdiction over the suit, and it concluded that her claim was moot. The tax court held that, because the application of the 1999 funds extinguished any remaining

liability for 1992, no further collection action could take place. The tax court also held that it lacked jurisdiction either to determine if the funds credited to her 1992 liability constituted an overpayment or to order a refund.

The Government consequently filed a motion to dismiss the district court action. Because the 1999 overpayment offset liability for 1992, the Government submitted, Ms. Greene-Thapedi no longer had a claim for a refund from the 1999 taxable year. It furthermore maintained that Ms. Greene-Thapedi could not sue for a refund for the overpayment until she exhausted her administrative remedies by filing a refund claim with the IRS. The district court denied the motion; it held that her tax court petition constituted an informal claim for a refund.

Ms. Greene-Thapedi filed a second amended complaint seeking a refund of $10,663, plus interest for the tax year 1992. The district court held that the IRS properly calculated the overpayment credit due to Ms. Greene-Thapedi, $3,772.16, based on the 1992 liability and the 1999 overpayment. In arriving at this figure, the district court found that Ms. Greene-Thapedi did not present sufficient evidence to rebut receipt of the December 1997 deficiency notice, and thus she owed the IRS interest from 1997 to 2000.

The Government subsequently issued a check to Ms. Greene-Thapedi for her overpayment, which she cashed. Consequently, on February 14, 2008, the district court found that no genuine issue of material fact remained and entered judgment for the Government. Ms. Greene-Thapedi now appeals.

## II

## DISCUSSION

Ms. Greene-Thapedi submits that the district court erred in dismissing the case. She contends that a reasonable fact-finder could determine that she did not receive the December 1997 deficiency notice for the 1992 taxable year, that the Government's calculations of interest and penalties were incorrect and that these factual issues warranted further litigation in the district court.

We cannot address the merits of Ms. Greene-Thapedi's arguments because the district court lacked subject matter jurisdiction to hear this case. Under section 7422(a) of the Internal Revenue Code, a district court lacks jurisdiction over a refund claim that has not first been filed with the IRS. *United States v. Dalm*, 494 U.S. 596, 602 (1990) (holding, under section 7422(a), that the district court lacked jurisdiction over a taxpayer's refund claim because the taxpayer failed to file a refund claim before the statute of limitations had run); *see also Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997) ("The Internal Revenue Code authorizes suits for refund of taxes paid to the federal government, but expressly and without exception conditions the right to sue on the taxpayer having first requested a refund from the Secretary of the Treasury. . . ."). Under section 7422(d), when the IRS applies an overpayment as a credit to a liability for a separate tax year, the taxpayer must file a refund claim for

the year in which the IRS applied the credit.[1] *See Kaffenberger v. United States*, 314 F.3d 944, 959 (8th Cir. 2003); *Republic Petroleum Corp. v. United States*, 613 F.2d 518, 525 n.19 (5th Cir. 1980). After the IRS applied Ms. Greene-Thapedi's overpayment to the 1992 taxable year, the case became a suit for a 1992 refund because it centered on an adjudication of her remaining 1992 tax liability. Ms. Greene-Thapedi recognized that the dispute regarded the 1992 tax year. Although her original complaint requested a refund for her 1999 overpayment, her amended complaint requested a refund for the 1992 tax year. Indeed, in its motion to dismiss, the Government noted that Ms. Greene-Thapedi needed to file an administrative refund claim for 1992 before filing suit and stated that the statute of limitations would expire in October 2004. R.5 at 11. Ms. Greene-Thapedi, however, never filed an administrative claim for the 1992 taxable year.

The district court held that Ms. Greene-Thapedi's informal claim conferred it with subject matter jurisdiction. However, her subsequent failure to file a formal claim barred the court from exercising any jurisdiction over the claim. *See United States v. Kales*, 314 U.S. 186, 194 (1941) (noting that, in applying tax regulations, the Court "has often held that a notice fairly advising the [Internal

---

[1] Section 7422(d) states: "The credit of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability at the time such credit is allowed." 26 U.S.C. § 7422(d).

Revenue] Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because [it was] too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period"); *PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States*, 234 F.3d 873, 879 (5th Cir. 2000) (holding that "courts will excuse 'harmless noncompliance' with the formalities prescribed for refund claims," provided that the taxpayer corrects the formal deficiencies at a later time). In previous cases that have applied the informal claim doctrine, the taxpayers followed their informal submissions with proper formal claims before initiating litigation.[2] Requiring compliance with the administrative exhaustion requirement gives the Government a full

---

[2] *Kaffenberger v. United States*, 314 F.3d 944, 954 (8th Cir. 2003) ("Treasury regulations specify what is required of a taxpayer to file a valid claim for refund or credit of taxes previously paid. *See* 26 C.F.R. § 301.6402-2(b)(1); § 301.6402-3(a). Although the regulation states that a claim that fails to comply with the requirements will not be considered as a claim for refund, § 301.6402-2(b)(1), the Supreme Court has endorsed informal claims filed within the statutory period that have technical deficiencies, as long as a valid refund claim is subsequently made after the period has run."); *United States v. Commercial Nat'l Bank of Peoria*, 874 F.2d 1165, 1175-76 (7th Cir. 1989) (holding that the taxpayer met the claim requirement where the taxpayer first filed a timely letter with the IRS that requested a refund, and subsequently, filed a formal refund claim).

opportunity to address the problem administratively. *BCS Fin. Corp. v. United States*, 118 F.3d 522, 524-25 (7th Cir. 1997). The informal claim doctrine is predicated on the expectation that any formal deficiency will at some point be corrected. *PALA,* 234 F.3d at 879. To hold otherwise would eliminate, as a practical matter, the formal claim requirement. Because Ms. Greene-Thapedi failed to perfect her administrative claim for a refund in the tax year to which her initial refund was applied, the district court lacked subject matter jurisdiction.

## Conclusion

The district court lacked jurisdiction to hear Ms. Greene-Thapedi's action seeking a refund from her 1992 tax liability. We therefore vacate the district court's judgment and remand the case to the district court with instructions to dismiss the case.

VACATED and REMANDED with INSTRUCTIONS