NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 29, 2009*
Decided July 29, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-1444

| | |
|---|---|
| KENNEDY M. RUSSELL, SR., <br> *Plaintiff-Appellant*, | United States District Court for the <br> Southern District of Illinois. |
| *v.* | No. 08-CV-0247 |
| UNITED STATES OF AMERICA, et al., <br> *Defendants-Appellees*. | Michael J. Reagan, <br> *Judge*. |

**O R D E R**

Kennedy M. Russell, Sr., claims in this lawsuit that Gloria Thomas, a revenue officer with the Internal Revenue Service, targeted him for harassment in retaliation for a previous lawsuit he filed against other IRS employees. Russell explains that Thomas notified him that his income tax return for 2004 was being reviewed, and then later came to his house

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

despite a letter he wrote challenging her authority and the legitimacy of the IRS. Russell also named the United States and the IRS as defendants. He wants $800,000.

As the district court recognized, a civil action against the United States under 26 U.S.C. § 7433 is the sole remedy for a taxpayer aggrieved by the actions of an IRS employee in connection with the collection of taxes. That remedy is available only after the taxpayer exhausts his administrative remedies within the IRS. 26 U.S.C. § 7433(d)(1). The district court dismissed Russell's claim for lack of subject-matter jurisdiction because he had not alleged that he exhausted his administrative remedies. *See Venen v. United States*, 38 F.3d 100, 102-03 (3d Cir. 1994) (holding that failure to exhaust deprives district court of jurisdiction to entertain suit under 26 U.S.C. § 7433); *see also Greene-Thapedi v. United States*, 549 F.3d 530, 532-33 (7th Cir. 2008) (holding that district court lacked jurisdiction over a tax-refund claim that was not filed first with the IRS as required by 26 U.S.C. § 7422(a)); *Kuhl v. United States*, 467 F.3d 145, 147 (2d Cir. 2006) (noting that district court lacks jurisdiction where plaintiff fails to exhaust remedies available under tax code). On appeal Russell does not contest the district court's exhaustion analysis but argues instead that the exhaustion requirement is irrelevant because he intends to pursue a claim that Agent Thomas's actions violated his constitutional right to due process. But federal courts are not authorized to award damages based on allegations that internal revenue agents "badgered or harassed" a person in trying to collect taxes. *See Cameron v. IRS*, 773 F.2d 126, 128 (7th Cir. 1985).

Instead of addressing the relevant jurisdictional issue, Russell devotes his brief to rehashing the same tired arguments permeating his complaint: that he is not a taxpayer and that the IRS is an extra-legal entity that violated his "original organic constitutional rights" by contacting him about his 2004 tax return. Variants of these arguments have been roundly rejected by the Supreme Court, this court, and every other court of appeals. *See, e.g., Cheek v. United States*, 498 U.S. 192, 195, 204 (1991) (characterizing as frivolous tax protestor's arguments that he is not a taxpayer and that the tax code is unconstitutional); *Marino v. Brown*, 357 F.3d 143, 147 (1st Cir. 2004) (sanctioning appellant for pursuing tax protestor arguments on appeal); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) (noting that typical tax protestor arguments are "frivolous squared"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (characterizing as meritless the argument that the IRS and its employees "have no power or authority to administer the Internal Revenue laws"); *Stoecklin v. Comm'r*, 865 F.2d 1221, 1224 (11th Cir. 1989) (characterizing as frivolous appellant's argument that he was not subject to tax laws); *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (noting that the argument that a person is not a taxpayer "has been consistently and thoroughly rejected by every branch of the government for decades"); *McKee v. United States*, 781 F.2d 1043, 1047 (4th Cir. 1986) (stating that it is frivolous "to take a position which indicates a desire to impede the administration of tax

laws"); *Sauers v. Comm'r*, 771 F.2d 64, 66 n.2 (3d Cir. 1985) (listing frivolous tax protestor theories); *Martin v. Comm'r*, 756 F.2d 38, 40 (6th Cir. 1985) (rejecting as baseless appellant's argument that he is "not a taxpayer"); *May v. Comm'r*, 752 F.3d 1301, 1306 n.5 (8th Cir. 1985) (noting frustration at having to address "well-worn general challenges to the Internal Revenue Code"); *Schiff v. Comm'r*, 751 F.2d 116, 117 (2d Cir. 1984) (noting that federal courts have rejected the argument that tax laws are unconstitutional "countless times"); *Crain v. Comm'r*, 737 F.2d 1417, 1417-18 (5th Cir. 1984) (stating that arguments challenging the legality of the tax system have no "colorable merit").

Because the only arguments Russell pursues on appeal are frivolous, we **AFFIRM** the district court's judgment. We also direct Russell to show cause within 14 days why he should not be sanctioned for filing this frivolous appeal. *See* FED. R. APP. P. 38.