**Gary PROVENZANO, Plaintiff,**

v.

**UNITED STATES of America and Internal Revenue Service, Defendant.**

**No. 00–CV–408 H(LSP).**

United States District Court, S.D. California.

Aug. 30, 2000.

Gary Provenzano, San Diego, CA, pro se.

Henry C. Darmstadter, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

**Order Granting Motion to Dismiss, Without Prejudice, for Lack of Subject Matter Jurisdiction; Granting 30 Days Leave to Amend (Docket # 7)**

HUFF, Chief Judge.

## Background

On February 28, 2000, plaintiff Gary Provenzano filed a "Complaint for Refund of Illegally Assessed and Collected Taxes" pursuant to 28 U.S.C. § 1341(a)(1) against the United States and the Internal Revenue Service. Plaintiff alleged that he was the former owner of a business, Motor Car Specialties, and that on or about February 1, 1989, he sold all of his interest in the

business to a Mr. Julio Santoyo. Plaintiff also alleges that Mr. Santoyo never acquired his own employer identification number (E.I.N.), and instead used plaintiff's E.I.N. for employment tax purposes.

Plaintiff asserts that although the subject employment taxes were assessed in 1991, he did not become aware of the liability until June of 1996. Plaintiff also asserts that on or about July 3, 1996, a revenue officer informed him that the matter had been abated due to a loss by the Internal Revenue Service of all documentation that could prove or disprove the sale of business alleged by plaintiff above. Relying upon the revenue officer's statement of abatement, plaintiff thereafter disposed of all relevant documentation. On December 18, 1996, the revenue officer informed plaintiff that the IRS had located all relevant documents and that plaintiff owed the IRS $57,699.

On May 24, 1999, plaintiff received a Notice of Intent to Levy from the Internal Revenue Service, and in response filed a Request for a Collection Due Process Hearing under Internal Revenue Code ("IRC") §§ 6320 and 6330. On January 28, 2000, the IRS sent plaintiff formal notice of its determination in the Collection Due Process Hearing before an IRS Appeals Officer. In the notice of determination, the appeals officer concluded that plaintiff had failed to establish that he had sold his business and that he was not otherwise liable for the taxes at issue.

On February 29, 2000 the IRS received a one page letter from plaintiff postmarked February 28, 2000, demanding an tax refund in the amount of $287.44 and abatement of the remainder of the subject tax liabilities. On May 2, 2000, the IRS filed an answer to the complaint. On May 30, 2000 the magistrate judge, Judge Leo S. Papas, held an early neutral evaluation conference and a case management conference.

On August 1, 2000, defendants filed a notice of motion and motion for judgement on the pleadings, or, in the alternative, for summary judgment. On August 15, 2000, plaintiff filed an opposition to the motion for judgment on the pleadings or for summary judgment. On August 22, 2000, defendants filed a reply to the opposition. The motion to dismiss was submitted on the papers without oral argument pursuant to local Rule 7.1(d.1.).

### Discussion

#### I. Motion for Judgment on the Pleadings

 After the pleadings are closed but within such time as to not delay trial, any party may move for judgment on the pleadings. The purpose of a motion for judgment on the pleadings is to dispose of issues or unmeritorious controversies. *See La Jolla Village Homeowners' Ass'n v. Superior Court*, 212 Cal.App.3d 1131, 261 Cal.Rptr. 146 (1989). Under Federal Rule of Civil Procedure ("FRCP") 12(c), good cause for such a motion must be shown, and ruling on the motion is a matter within the Court's discretion. The motion will be denied unless it appears that the plaintiff is entitled to no relief under any state of facts which could be proven in support of the plaintiff's claim. *See Johns–Manville Corp. v. United States*, 855 F.2d 1556 (Fed.Cir.1988). If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. FRCP 12(c).

 Based upon the material filed, the court construes the motion as a request to dismiss for lack of subject matter jurisdiction. Lack of subject matter jurisdiction may be asserted by either party or the court, *sua sponte*, at any time during the course of an action. FRCP 12(b)(1). Once challenged, the burden of establishing a federal court's jurisdiction rests on the party asserting the jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951, (1942); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511

(5th Cir.1980), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217, (1980). There are two forms of 12(b)(1) attacks on subject matter jurisdiction: facial and factual attacks. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir.1990). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction, i.e. a lack of federal jurisdiction appears from the "face of the complaint." *See Thornhill Publishing Co. v. General Tel. & Electronics,* 594 F.2d 730 (9th Cir.1979). In such facial attacks, the allegations in the complaint are taken as true for the purposes of the motion.

▆ Factual attacks, on the other hand, focus not on the pleadings but on the existence of subject matter jurisdiction "in fact." In resolving factual attacks, the court may consider matters other than the pleadings, such as affidavits. *See Roberts v. Corrothers, 812 F.2d 1173 (9th Cir.1987).* Where the Rule 12(b)(1) motion is based on extrinsic evidence, no presumption of truthfulness attaches to petitioner's allegations. *See Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d 679 (7th Cir.1998). The court finds that in the instant case, the respondent has launched a factual attack on petitioner's complaint. Consequently, the court will evaluate extrinsic evidence in making its determination as to subject matter jurisdiction.

II. Lack of federal subject matter jurisdiction

▆ In his complaint, plaintiff alleges jurisdiction under 28 U.S.C. § 1346(a)(1) which grants federal district courts jurisdiction over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected ..." Defendants contend the Court lacks jurisdiction to hear a refund suit because the plaintiff has failed to satisfy the necessary jurisdictional prerequisites

required. *See United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). More specifically, defendants allege that plaintiff failed: (1) to file with the IRS a refund claim that complies with the applicable Treasury Regulations; (2) to allow six months to pass between filing the refund claim with the IRS and bringing this suit in federal district court; and, (3) to pay the assessed taxes for at least one employee for the periods at issue. (Mot. to Dis. at 3).

Plaintiffs to a tax refund suit must comply with certain prerequisites before a district court has jurisdiction over a tax refund case. *See Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (28 U.S.C. § 1346(a)(1) requires full payment of the assessment before an income tax refund suit can be maintained in district court); *Thomas v. United States,* 755 F.2d 728 (9th Cir.1985); *Badaracco v. CIR,* 693 F.2d 298 (3rd Cir.1982), *aff'd* 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984) (filing an administrative claim for a refund with the IRS is a prerequisite to district court jurisdiction). A district court's lack of jurisdiction over an action may be raised at any stage of the proceeding. *See May Dep't Store v. Graphic Process Co.,* 637 F.2d 1211 (9th Cir.1980). Plaintiff in this matter has not complied with the jurisdictional requirements necessary to bring a suit in district court. Consequently, this matter must be dismissed for lack of subject matter jurisdiction.

▆ Defendants contend that plaintiff did not file a refund claim with the IRS that complied with the applicable Treasury Regulation, 26 C.F.R. § 301.6402–2(b)(1). (Mot. to Dis. at 4). Pursuant to 26 C.F.R. § 301.6402–2(b)(1), a refund claim must "set forth in detail each ground upon which a credit or refund is claimed and fact sufficient to apprise the Commissioner of the exact basis thereof." In addition, the "statement of the grounds and fact must be verified by a written declaration that it is made under the penalties of perjury." *See* 26 C.F.R. § 301.6402–

2(b)(1). Plaintiff did submit a letter, dated February 25, 2000, to the Internal Revenue Service demanding a refund of $287.44 and demanding further abatement of the assessment at issue. However, this letter does not comply with the necessary form required under 26 C.F.R. § 301.6402–2(b)(1). Although plaintiff's letter does indicate the nature of the claim, plaintiff does not provide sufficient detail of the matter to apprise the Commissioner of the "exact basis thereof." Furthermore, plaintiff did not submit a written declaration verifying the letter under penalty of perjury. 26 C.F.R. § 301.6402–2(b)(1) clearly states that claims that do not comply with this paragraph won't be considered for purposes of a tax refund claim.

■ Defendants also claim that plaintiff failed to comply with 26 U.S.C. § 6532(a)(1) which requires that no refund suit may be commenced until six months have passed from the date of filing a claim with the Internal Revenue Service. (Mot. to Dis. at 4). Plaintiff's letter to the IRS demanding a refund of $287.44 was postmarked on February 28, 2000, the same day plaintiff filed his complaint with the IRS, thereby failing to comply with the mandatory six month waiting period. Plaintiff contends that the sixty day waiting period was expressly waived by the government in the government's letter of January 28, 2000. (Opp. at 2). The letter referred to by plaintiff in his opposition is a Notice of Determination letter. This letter indicates that a taxpayer may appeal a determination on a Collection Due Process Hearing to the district court by filing a complaint within 30 days from the date of the Notice of Determination letter. *See* § 6330(d)(1).. The determination on a Collection Due Process Hearing is not, as plaintiff mistakenly thought, a refund suit, and is thus not the action alleged by plaintiff in his complaint. Consequently, defendants did not, as plaintiff alleges, waive the mandatory six month waiting period required in refund suits.

Defendants' third claim is that plaintiff did not satisfy the "full payment rule" by paying the total amount of assessed taxes. 28 U.S.C. § 1346(a)(1) requires full payment of the assessment before an income tax refund suit can be maintained in district court. *See Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Thomas v. United States*, 755 F.2d 728 (9th Cir.1985). Plaintiff alleges he paid $287.44 in employment taxes for one of his employees. However, the government alleges that at plaintiff's request, the full amount of this payment was applied to withholding taxes (FUTA) and not to the subject tax liability (FICA). (Mot. to Dis. at 5). Plaintiff contends that the government's claim is totally unsupported by evidence. (Opp. at 4). The party asserting jurisdiction has the burden of establishing that the district court actually does have jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). If plaintiff disagrees with defendant's contentions, plaintiff has the burden of proving that such taxes were paid, and that the district court does have jurisdiction in this matter.

Failure to comply with the Treasury Regulations need not be a total bar to recovery. In some instances, justice is best served by reading the statute and the regulations in light of their purpose. As the Supreme Court suggested in dicta in *Tucker v. Alexander*, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927), the statutes and regulations "are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial. Failure to observe them does not necessarily preclude recovery. If compliance is insisted upon, dismissal of the suit may be followed by a new claim for refund and another suit within the period of limitations." *Id.* at 231, 48 S.Ct. 45. Plaintiff clearly did not adhere to the strict requirements of the Treasury Regulations. However, if plaintiff wishes to amend his claim to file a timely and appropriate refund claim, he may do so. Consequently, the

court grants the motion to dismiss based on subject matter jurisdiction with thirty days leave to amend.

III. Plaintiff's claim for jurisdiction under 26 U.S.C. § 6330(d).

In his opposition to defendants' motion to dismiss plaintiff contends that he is in compliance with the time provisions of 26 U.S.C. § 6330(d). Under Section 6330(d)(1) a person may, within 30 days of a determination under this section, appeal such a determination. This provision is to be distinguished from 26 C.F.R. § 301.6402–2(b)(1). Section 6330(d) provides for the notice and opportunity for a hearing concerning due process for collections. It is not, as is indicated above, the provision of the Internal Revenue Code dealing with abatements, credits, and refunds. *See* 26 C.F.R. § 301.6402–2(b)(1). If plaintiff wishes to bring a suit under 26 U.S.C. § 6330(d), he may do so, but the court will not speculate as to whether he can bring a proper claim under this provision.

### Conclusion

The Court GRANTS the motion to dismiss, without prejudice, for lack of subject matter jurisdiction. The court grants the plaintiff 30 days leave from the filing date to amend the complaint and to properly state a claim upon which relief can be granted.

IT IS SO ORDERED.