H.G. WHITTINGTON, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. H–03–4507.

United States District Court, S.D. Texas. Houston Division.

March 28, 2005.

Order Denying Reconsideration June 14, 2005.

Teresa Jean Womack, Redding and Associates, Houston, TX, for Plaintiffs.

Michael D. Powell, Department of Justice, Dallas, TX, for Defendant.

## MEMORANDUM AND ORDER

RAINEY, District J.

Pending before the Court is Defendant, United States of America's ("the Government") Motion for Partial Dismissal and to Deny Class Certification (Dkt.# 17) and Plaintiffs' Motion for Leave to File Out of Time (Dkt.# 21). After consideration of the arguments, the entire record, and the applicable law, the Court is of the opinion that Plaintiffs' Motion for Leave to File Out of Time should be GRANTED,[1] and the Government's Motion for Partial Dismissal and to Deny Class Certification should be GRANTED in part, and DENIED in part, as explained below.

### Factual and Procedural Background

In the 1980's, Plaintiffs invested in farming entities in the form of limited partnerships organized by American Agri–Corp ("AMCOR"). Plaintiff H.G. Whittington was a limited partner in Pump Station III Associates and El Rancho Vineyards. Plaintiff Frederick A. Schuenaman was a limited partner in Richgrove Grape Associates. Plaintiffs reported their proportionate share of partnership losses on their 1984, 1985, and 1986 income tax returns. After an investigation, the Internal Revenue Service ("IRS") proposed to disallow the partnerships' expenses and other deductions. In response to this proposal, actions contesting the disallowance were filed in the Tax Court.

While the Tax Court cases were pending, some of the AMCOR partners settled their claims. The partners that did not settle remained subject to the Tax Court cases. Plaintiffs, Frederick A. Schuenaman and Judy B. Schuenaman ("the Schuenamans"), as well as Plaintiffs, H.G. Whittington and Cynthia Whittington ("the Whittingtons") were not among those that settled their cases. Decisions were entered in the AMCOR Tax Court cases on July 19, 2001, and became final on October 17, 2001. After the decisions became final, the IRS adjusted the unsettled partners' relevant deductions pursuant to the terms of the decisions, and then assessed any resulting tax deficiencies. On October 30, 2001, the Whittingtons filed a claim for a basis refund in the amount of $22,528. At the time of the commencement of this action, the Schuenamans had not filed a formal claim requesting a basis refund.

---

1. Although the Court is generally unimpressed with Plaintiffs' justifications for the delay in filing their response, the Court will consider the late response because of the prejudice that could result from denying a party the opportunity to address the complex issues involved in this case.

## Discussion

The Government moves for dismissal of certain claims against it under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacks jurisdiction over those claims. The Government also requests that the Court deny Plaintiffs' request for class certification. The Court will address each issue below.

## I. Motion for Partial Dismissal

In its motion for partial dismissal, the Government seeks dismissal of all claims by the Schuenamans. Specifically, the Government asserts that this Court lacks subject matter jurisdiction over the Schuenamans' claims because they failed to file claims for refunds, as required by Section 7422 of the Internal Revenue Code prior to the filing of this action.[2]

### A. Standard of Review

▉▉▉ Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal of a case against it for lack of jurisdiction over the subject matter. When federal courts consider questions of subject matter jurisdiction, the precedent regarding its fundamental importance is clear. "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). "[A]bsent jurisdiction conferred by statute, [federal courts] lack the power to adjudicate claims." *See Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir.1994). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. 'This is the first principle of federal jurisdiction.'"

*Stockman v. Federal Election Commission,* 138 F.3d 144, 151 (5th Cir.1998) (quoting Hart & Wechsler, *The Federal Courts and the Federal System* 835 (2d ed.1973)). Under Fifth Circuit precedent, a case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications Inc.,* 117 F.3d 900, 904 (5th Cir.1997).

### B. The Schuenamans' Claims

The Government seeks dismissal of the Schuenamans' claims for lack of subject matter jurisdiction on sovereign immunity grounds. The Government's position is that Congress has not waived sovereign immunity so as to allow plaintiffs like the Schuenamans to sue in federal district court because they did not first file a refund claim pursuant to 26 U.S.C. § 7422(a). Moreover, the Government asserts that the Schuenamans are now barred from asserting such a claim because no claim was filed within the applicable limitations period. Therefore, the Government argues, the Court lacks jurisdiction and the Schuenamans' claims should be dismissed.

In response, Plaintiffs first argue that no refund claim is required to waive sovereign immunity in actions brought under the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. No. 97–248, § 402, 96 Stat. 324 (1982) (codified at 26 U.S.C. §§ 6221–6233). Although Plaintiffs acknowledge that Section 7422(a)

---

**2.** In its motion, the Government also originally moved for dismissal of the interest netting claims made by the Whittingtons. Since that time, however, the Whittingtons have provided sufficient evidence that they complied with the relevant procedural requirements to bring those claims. Therefore, the Government has withdrawn that portion of its motion to dismiss. *See* Dkt. # 24, p. 17.

qualifies the waiver of sovereign immunity, they assert that refund actions under TEFRA constitute an exception to the requirement that a refund claim be made prior to the commencement of a lawsuit. Specifically, Plaintiffs maintain that refund claims could not constitute a jurisdictional prerequisite under TEFRA because the Government is statutorily required to refund partnership related overpayments without any requirement that the partner first file a claim. Alternatively, Plaintiffs contend that they satisfied the refund claim requirement of Section 7422(a) because informal claims were made within the relevant limitations period.

### 1. TEFRA Exception

■ Plaintiffs have premised subject matter jurisdiction in the district court upon 28 U.S.C. § 1346. Section 1346(a)(1) provides for original jurisdiction in the district courts over claims "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). The Fifth Circuit, however, has been clear that Section 1346, standing alone, is insufficient to waive sovereign immunity. *See Beall v. U.S,* 336 F.3d 419, 422 (5th Cir.2003) ("Section 1346 is a general jurisdiction statute that does not constitute a separate waiver of sovereign immunity.") (quoting *Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir.1994)).

■ Although Section 1346 is ineffective as a waiver by itself, when coupled with a claim brought under 26 U.S.C. § 7422, Section 1346 does provide the necessary waiver of immunity. *Beall,* 336 F.3d at 422; *Shanbaum,* 32 F.3d at 182 ("Section 1346 operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sover-

eign immunity in tax refund suits ... when the taxpayer has fully paid the tax and filed an administrative claim for a refund."). Indeed, Section 7422(a) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a claim for refund or credit has been duly filed ...." In their response, Plaintiffs do not dispute the sufficiency of compliance with the Section 7422(a) condition, only that compliance is not necessary in cases involving TEFRA refunds. Rather, Plaintiffs submit that TEFRA constitutes an exception to the general jurisdictional requirement of Section 7422(a) that a refund claim be timely filed prior to the commencement of the suit. In particular, Plaintiffs argue that a refund claim is unnecessary because Section 6230(d)(5) of TEFRA provides for refunds without any requirement that the partner file a claim. The Court disagrees.

■ Despite the provision under TEFRA calling for refunds to partners "without any requirement that the partner file a claim therefor," Section 6230(d)(5) also clearly contemplates that some refunds under TEFRA will not be made in this manner. Specifically, Section 6230(d)(5) provides that such refunds will be made only "to the extent practicable ...." Accordingly, whether a claim under this section is required without a refund request is contingent upon the Government's determination that such a refund is practicable. Furthermore, although Section 6230(d)(5) does conditionally obligate the Government to issue refunds without claims, Section 6230(c)(1)(B) establishes that a refund claim be filed in the event the refund is not issued automatically. Thus, TEFRA explicitly provides the appropriate procedure should the refund not be made pursuant to Section 6230(d)(5). *See Hoffman Elec., Inc. v. Emerson Elec.*

*Co.,* 800 F.Supp. 1289, 1294 (W.D.Pa.1992) ("[Partnership] refunds would be sent automatically, but if they are not sent, the limited partner has two years to file a claim with the IRS for a refund."). Because of the contingent nature of this provision, as well as the procedures for filing claims outlined in TEFRA, the Court finds that TEFRA does not constitute an exception to the general jurisdictional requirement contained in 26 U.S.C. § 7422(a).[3] *See Koehler v. United States,* 153 F.3d 263, 265 (5th Cir.1998) (stating that waiver of sovereign immunity requires unequivocal expression of consent).

### 2. Informal Claims

■ Having determined that no TEFRA exception exists to the jurisdictional requirement of filing a timely refund claim prior to commencing a lawsuit, the Court must now consider the alternative argument that the Schuenamans complied with 26 U.S.C. § 7422(a). As noted above, Section 6230(c)(1)(B) permits a partner to file a claim for refund where the IRS fails to make a refund of an overpayment attributable to the partner pursuant to a settlement or decision of a court in an action. However, any claim under this section must be filed within two years of the date of settlement or court decision. *See* 26 U.S.C. § 6230(c)(2)(B). As the Tax Court decisions with regard to the partnerships at issue became final on October 17, 2001, both parties agree that any claims made by the Schuenamans pursuant to Section 6230(c) would have to have been filed on or before October 17, 2003, which was also the date this action was filed. *See* Dkt. # 1.

Although it is apparently undisputed that the Schuenamans did not file a formal refund claim, a cover letter and a copy of the Plaintiffs' Original Complaint was mailed to the Internal Revenue Service Center in Austin, Texas on October 17, 2003. The letter, drafted and signed by Plaintiffs' counsel, was accompanied by a Form 2848 Power of Attorney, and stated the following: "This letter and the enclosed Plaintiffs' Original Complaint and Jury Demand are the informal claim for refund of Frederick A. and Judy B. Schuenaman." Dkt. # 25, Ex. 9. Moreover, Plaintiffs have provided the date stamped "white slip" in order to prove that the claim was mailed on October 17, 2003, as well as the date stamped proof of service to show that the purported informal claim was received.

■ The informal claim doctrine has received the endorsement of the Supreme Court, as well as the Fifth Circuit. *See United States v. Kales,* 314 U.S. 186, 194, 62 S.Ct. 214, 86 L.Ed. 132 (1941); *PALA, Inc. Employees Profit Sharing Plan and Trust Agreement v. United States,* 234 F.3d 873, 877 (5th Cir.2000). In essence, an informal claim is a claim that serves to place the IRS on notice that a claim is being made, and which may serve to toll the statute of limitations. *See United States v. Comm'l Nat'l Bank of Peoria,* 874 F.2d 1165, 1170–76 (7th Cir.1989) (finding an informal claim where the tax issues surrounding the refund claim were involved in litigation and the taxpayers' attorney wrote a letter to the IRS within the statutory time frame stating his disagreements with the IRS's calculations). Generally, "an informal claim is sufficient

---

**3.** This conclusion also applies to Plaintiffs' alternative argument based on 28 U.S.C. § 1346(a)(2). Although Plaintiffs argue that Section 1346(a)(2), in conjunction with Section 6230(d)(5), constitute a waiver of sovereign immunity *eo nomine,* this argument suffers from the same defects described above. That is, despite the automatic, but conditional nature of Section 6230(d)(5), Section 6230(c) explains that claims should be filed when an unrequested refund is not forthcoming.

if it is filed within the statutory period, puts the IRS on notice that the taxpayer believes erroneous tax has been assessed, and describes the tax and year with sufficient particularity to allow the IRS to undertake an investigation." *PALA, Inc.,* 234 F.3d at 877. Moreover, the sufficiency of an informal claim depends on the individual facts of each case, "with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made." *Id.* (internal quotations omitted).

The Court finds that the Schuenamans' October 17, 2003 correspondence with the IRS constitutes an informal claim. Although it is clear that the mere filing of a complaint would not qualify as sufficient notice, the Schuenamans attached a file stamped copy of the complaint to the cover letter, which itself specifically indicated that the Schuenamans were lodging an informal refund claim. Therefore, pursuant to the informal claim doctrine, the Court holds that the Schuenamans timely filed a refund claim so as to comply with the limitations period set forth in 26 U.S.C. § 6230(c)(2)(B).[4]

### 3. Timeliness of Lawsuit

■ Despite compliance with the two-year limitations period, the Court finds that the Schuenamans failed to comply with 26 U.S.C. § 6532(a)(1), which requires that no refund suit may be commenced until six months have passed from the date of filing a claim with the IRS. Indeed, as noted above, the correspondence with the IRS demanding a refund was postmarked on October 17, 2003, the same day this lawsuit was filed, thereby failing to comply with the mandatory six month waiting pe-

riod. Plaintiffs, however, argue that the purpose of this six-month period is to allow "the IRS a reasonable period of time to investigate the claim, make an administrative determination, process the claim, and avoid needless litigation." Dkt. # 22, p. 11. Because the IRS was aware of the refund claims and allegedly willing to pay the refunds, Plaintiffs maintain that the purpose of the waiting period has been satisfied in this case. Therefore, Plaintiffs insist that the litigation should proceed because more than six months has now elapsed from the filing of the complaint, or alternatively, allow them leave to amend the complaint to incorporate the refund claims.

■ Although the Fifth Circuit has not yet addressed this issue, other courts considering the six-month jurisdictional defect in similar situations have allowed the plaintiff to cure the jurisdictional defect when the six-month period had already expired. *See, e.g., Provenzano v. U.S.,* 123 F.Supp.2d 554, 559 (S.D.Cal.2000) (dismissing without prejudice for lack of subject matter jurisdiction but granting 30 days leave to amend complaint and incorporate the jurisdictional prerequisite). Because the failure to comply with 26 U.S.C. § 6532(a)(1) is jurisdictional in nature, this Court agrees with the conclusion reached by the court in *Provenzano* that this Court lacks subject matter jurisdiction because of the jurisdictional defect. Accordingly, the Government's request for dismissal is proper as to the Schuenamans' claims. However, like *Provenzano,* the appropriate remedy is that Plaintiffs be allowed thirty (30) days leave within which to file an amended complaint that reflects statutory compliance.[5]

---

**4.** The Court notes that its holding is limited to the Schuenamans only.

**5.** Although Plaintiffs indicate in their response that they were also filing a motion to

amend the complaint, the docket does not reflect that such a motion was filed. Nor does the relief requested in their response to the Government's motion indicate that leave to amend is requested.

## II. Class Certification

██ Finally, the Government has also moved to deny class certification. In their response, however, Plaintiffs object to the Government's request on several grounds. First, Plaintiffs indicate that they have not yet moved for certification of a class, and therefore, they have not had a full chance to present their arguments and evidence in support of class certification. In fact, Plaintiffs assert that their understanding was that, based upon representations made during the June 2, 2004 Scheduling Conference held by Magistrate Judge Nancy K. Johnson, class certification issues would not be addressed until the jurisdictional issues had been resolved. Second, Plaintiffs argue that a premature decision on class certification would impede Plaintiffs' right to seek certification in a later motion. Third, Plaintiffs contend the Government's motion negatively impacts their ability to appeal from any denial of certification due to the incomplete record.

In its reply, based on Plaintiffs request to delay consideration of the certification issue, the Government has specifically withdrawn all of its arguments regarding class certification except for numerosity. The Government, however, apparently continues to move for denial of certification on the grounds that Plaintiffs cannot satisfy the numerosity requirement imposed by Federal Rule of Civil Procedure 23(a)(1). Indeed, the Government argues that this issue is irrevocably intertwined with the jurisdictional issues previously considered by the Court because Plaintiffs have not provided information about how many potential class members have satisfied the requirement of 26 U.S.C. § 7422(a). Although the Government's jurisdictional concerns regarding potential class members are well-founded, the Court finds that these issues are more appropriate for consideration at such time as all of the remaining class certification issues under Rule 23 are before the Court. Furthermore, addressing these issues at this time would be premature considering the apparent lack of information as to how many potential class members have satisfied the jurisdictional prerequisite of filing a timely refund claim. Therefore, the Government's request for denial of class certification is inappropriate at this time.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to File Out of Time should be GRANTED, and the Government's Motion for Partial Dismissal and to Deny Class Certification should be GRANTED in part, and DENIED in part. Accordingly, the claims of Plaintiffs Frederick A. Schuenaman and Judy B. Schuenaman are hereby DISMISSED without prejudice. Plaintiffs shall have thirty (30) days leave within which to file an amended complaint that reflects statutory compliance.

It is so ORDERED.

## MEMORANDUM AND ORDER

Pending before the Court is the Plaintiffs' Motion for Reconsideration (Dkt.# 27). In their motion, Plaintiffs seek reconsideration of two aspects of this Court's March 26, 2005 Memorandum and Order ("M & O"). First, Plaintiffs continue to assert that administrative claims were not required to effectuate a waiver of sovereign immunity by Defendant. Second, Plaintiffs complain that the Court failed to consider an additional informal refund claim sent on behalf of all of the AMCOR partners. The Court will address these issues below.

## I. Sovereign Immunity

In their initial response to Defendant's motion for partial dismissal, Plaintiffs argued that partners seeking a refund under the Tax Equity and Fiscal Responsibility

Act of 1982 ("TEFRA"), Pub.L. No. 97–248, § 402, 96 Stat. 324 (1982) (codified at 26 U.S.C. §§ 6221–6233), were not required to file an administrative claim in order to pursue a refund suit in federal court. Alternatively, Plaintiffs asserted that the Schuenamans had satisfied the refund claim requirement because they had filed an informal claim within the relevant limitations period. After considering Defendant's motion, Plaintiffs' response, and evaluating the relevant law, the Court concluded that Plaintiffs were required to file an administrative claim in order to effectuate a waiver of sovereign immunity by Defendant. The Court, however, agreed with Plaintiffs' alternative position and specifically found that the Schuenamans had satisfied the claim requirements by filing an informal claim with the Internal Revenue Service Center in Austin, Texas on October 17, 2003. In the motion for reconsideration, Plaintiffs essentially advance the same arguments considered by the Court in its initial decision. The Court will not reexamine the specific issues already addressed by the previous M & O.

Although revisiting the earlier M & O is unnecessary, the Court will address one point raised by Plaintiffs in their current motion. Specifically, Plaintiffs note that the earlier M & O did not address *United States v. Williams*, 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995), which Plaintiffs maintain supports their position that an administrative claim was not required. In *Williams*, the Supreme Court considered whether a taxpayer had standing under 28 U.S.C. § 1346(a)(1) to bring a refund claim, even though the tax paid was assessed against a third party. Considering one of the provisions "narrow[ing] the waiver of sovereign immunity," the court

noted that "[i]t is undisputed that [26 U.S.C.] § 7422 requires administrative exhaustion." *Id.* at 532–33, 115 S.Ct. 1611. The issue in the case, however, was not whether the taxpayer had exhausted under § 7422 by filing an administrative claim, which the taxpayer had done, but whether the taxpayer was eligible to exhaust because the tax had not been assessed directly against the party filing suit. *Id.* at 533, 115 S.Ct. 1611. Concluding that Congress did not intend to leave the taxpayer without a remedy, the court held that the taxpayer could bring a refund suit under § 1346(a)(1) even though the disputed tax had been assessed against a third party.

*Williams* offers no support for Plaintiffs' position. Most obviously, *Williams* did not address partnership claims under TEFRA or whether exceptions applied to the general exhaustion requirement of § 7422. The taxpayer in that case had already satisfied the exhaustion requirements under § 7422, which is apparently not the situation for all of the potential plaintiffs in the case at bar. Moreover, unlike the taxpayer in *Williams*, who the court noted would have been left without a remedy under the statutory interpretation advanced by the government in that case, all of the AMCOR partners in this case had the opportunity to file administrative claims in compliance with § 7422, as both the Whittingtons and the Schuenamans did. In fact, as the Court noted in its earlier M & O, § 6230(c)(1)(B) provides for this very procedure. Yet Plaintiffs misconstrue this Court's earlier decision to hold that § 6230(c)(1)(B) *requires* a partner to file an administrative claim before pursuing a refund suit.[1] The issue before this Court then and at present, however, is not whether § 6230(c)(1)(B) requires the filing of a claim, but whether TEFRA pro-

---

1. Plaintiffs correctly note that § 6230(c)(1)(B)'s use of the "may" implies that it is within the discretion of the partner to file the administrative claim if the refund is not forthcoming.

vides an exception to the "undisputed" requirement of administrative exhaustion under § 7422. *See Williams,* 514 U.S. at 533, 115 S.Ct. 1611. The Court previously found that TEFRA does not provide such an exception, and today reaffirms that conclusion.

## II. Wright Claim

■ Next, Plaintiffs complain that the Court failed to consider in its earlier M & O the purported refund claim sent by Robert Wright to the Internal Revenue Service Center in Holtsville, New York.[2] Sent to the Holtsville Service Center on October 17, 2003, the correspondence contained a cover letter stating that the enclosed documents were intended to be "a refund claim for $50,000,000 filed on behalf of all Amcor partners under I.R.C. § 6230 by General Partner Robert A. Wright." The first document was a Power of Attorney Form in which Robert Wright appoints Thomas Redding, Sallie Gladney, and Teresa Womack as his representatives in the tax matter.[3] This form was signed by Robert Wright as a General Partner. The actual 1040X form indicates that it was "Filed on Behalf of All Partners," and then cites to an accompanying exhibit that identifies the specific partnerships, as well as an exhibit containing a general explanation of the types of refunds sought.

The Court concludes that the Wright claim is insufficient to satisfy the jurisdic-

tional prerequisites for the individual partners. First, the Court agrees with Defendant that there is no documentation or indication otherwise to demonstrate Wright's authority to act on behalf of the individual partners. Indeed, the partnerships had terminated years before, and the Tax Court proceedings relating to those partnerships had ended approximately two years before. While Plaintiffs argue that the representative capacity of Wright is illustrated by the fact that the Tax Court decisions were executed by an AMCOR general partner even after the termination of the partnerships, those decisions were still based at the partnership level. The refund "claims" sought here, however, involve the individual former partners' claims relating to their individual tax basis in the partnerships. In this respect, there is nothing to indicate that Wright had obtained or acquired the fiduciary capacity to act on behalf of possibly thousands of individual taxpayers, even if their individual income taxes were related to the partnership.

■ Nor does the Court believe that the purported Wright claim filed on behalf of all AMCOR partners satisfies the requirements under the informal claim doctrine. As the Fifth Circuit has explained in the context of assessing the sufficiency of informal claims, "it is not enough that the IRS merely 'has information somewhere in its possession from which it

2. In its previous M & O, the Court did determine that the Schuenamans had satisfied the administrative claim requirement by filing an informal claim on behalf of themselves with the Service Center in Austin, Texas. The Court, however, did not consider the sufficiency of the Wright claim because Plaintiffs had specifically requested that all class certification issues be considered at a later date. Although the issue of whether the Wright claim satisfies the jurisdictional prerequisites for putative class members is not directly linked to the certification analysis, it is certainly related because it will determine, at

least in part, the number of potential class members that have satisfied the exhaustion requirements. Despite reservations regarding whether Plaintiffs' motion for reconsideration is the proper vehicle to raise this issue, the Court notes that the matter has been fully briefed by the parties and will certainly require consideration prior to any decision regarding certification. Therefore, the Court will address the purported Wright claim at this time.

3. *Id.*

might deduce that the taxpayer is entitled to a refund.'" *PALA, Inc. Employees Profit Sharing Plan and Trust Agreement v. United States,* 234 F.3d 873, 877 (5th Cir.2000) (quoting *Gustin v. United States,* 876 F.2d 485, 489 (5th Cir.1989)). Moreover, an informal claim is required to "'be clear and explicit in alerting the Commissioner that a refund of taxes is sought for certain years.'" *APG 3, Inc. v. United States,* 32 F.Supp.2d 451, 454 (S.D.Tex. 1998), *aff'd,* 204 F.3d 1116, 1999 WL 1328096 (5th Cir.1999) (quoting *Missouri Pacific R.R. Co. v. United States,* 214 Ct. Cl. 623, 558 F.2d 596, 598 (1977)). Here, despite the fact that hundreds of other partners like the Whittingtons had already filed independent formal refund claims,[4] Wright sought to file, with no apparent authority, a $50,000,000 refund claim on behalf of "all Amcor partners," which could include a potentially large number of taxpayers. While Defendant certainly had the information regarding the individual taxpayers' potential refunds within its possession, the Wright refund claim, even had Wright demonstrated some authority to act on behalf of the many potential claimants, simply did not identify the individual taxpayers with sufficient particularity or provide any other specific information from which a refund claim could be based. As such, the Court holds that the correspondence sent to the Holtsville Service Center does not by itself satisfy the jurisdictional requirements for any potential class member in this case.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is DENIED.

It is so ORDERED.