NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA PALOMARES, AKA Teresa Garcia, | No. 15-70659 |
| Petitioner-Appellant, | Tax Ct. No. 2301-13 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted May 19, 2017
Seattle, Washington

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Teresa Palomares appeals the U.S. Tax Court's decision sustaining the

Commissioner of Internal Revenue's (the "Commissioner") determination that

Palomares was entitled to only partial relief from the Commissioner's application

of overpayments to her joint and several tax liability from her 1996 return. We

have jurisdiction under 26 U.S.C. § 7482(a)(1). We reverse.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Palomares seeks innocent-spouse relief from her joint and several liability for an unpaid 1996 joint return filed by her then-husband. In July 2008, a volunteer attorney helped Palomares file a Form 8379—which requests injured-spouse relief—rather than a Form 8857—which requests innocent-spouse relief. This was a mistake. By the time Palomares corrected this mistake years later by filing a Form 8857, the statute of limitations to request refunds for her 2006 and 2007 overpayments had expired. *See* 26 U.S.C. § 6511(a). Palomares nonetheless argues that her Form 8379 was an "informal claim" for innocent-spouse relief and, as a result, the time between her filing the Form 8379 and Form 8857 should be tolled. We agree.

The informal claim doctrine permits a taxpayer to avoid the limitations of Section 6511(a) if the taxpayer filed a written refund request that was "sufficient to apprise the Service that a refund is being claimed," and "specifies the tax and the year or years for which the refund is being sought sufficiently so that the Service can investigate the claim." Michael I. Saltzman, *IRS Prac. & Proc.* ¶ 11.08(2); *see United States v. Kales*, 314 U.S. 186, 194 (1941). We conclude that Palomares's Form 8379 fairly apprised the Commissioner that Palomares was seeking innocent-spouse relief from her 1996 liability for two reasons. First, the Commissioner had been crediting Palomares's tax overpayments—which were associated with returns she filed separately—to liability on the 1996 return that she filed jointly. The only

2

form of relief that made any sense under these circumstances was innocent-spouse relief. Second, in responding to Palomares's Form 8379, the Commissioner informed Palomares that to request innocent-spouse relief, she should file a Form 8857, not a Form 8379.

Based on the evidence presented to the Tax Court, the equities clearly weigh in favor of granting Palomares relief under the informal claim doctrine. Palomares spoke little to no English during the relevant period. She was the subject of domestic abuse. She was not responsible for the deficient 1996 payment. And her improper filing of the Form 8379 was the result of incorrect advice from a volunteer attorney. Because Palomares's Form 8379 sufficiently gave notice to the Commissioner that Palomares was seeking a refund on the ground that she was an innocent spouse, and the equities clearly weigh in her favor, the Tax Court should have granted Palomares relief by letting her Form 8379 toll the limitations period until the Form 8857 was filed.

The Commissioner notes that Palomares's Form 8379 indicated that she was seeking a refund on her 2007 overpayment but was silent as to her 2006 return. Nonetheless, whether Palomares put the IRS on notice as to her 2006 return is a "highly fact intensive" inquiry that lacks "hard and fast rules," and should focus on "all the surrounding circumstances" and the "claim as a whole." *See Kaffenberger v. United States*, 314 F.3d 944, 955 (8th Cir. 2003) (internal quotation marks and

3

citations omitted).  Here, once the IRS received Palomares's Form 8379 and proceeded to review her 2007 request, it was on notice that Palomares's liability stemmed from the 1996 underpayment, and that the IRS had been crediting her overpayments against this liability since 2006.  There can be no serious question that the IRS was on notice of her 2006 overpayment as well.

On remand, the Tax Court shall order the Commissioner to grant Palomares a refund for her 2006 and 2007 tax year overpayments.

**REVERSED**