NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY A. HARPER; KATHERINE M. HARPER, | No. 19-55933 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-02110-DMS-LL |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 20, 2020
Pasadena, California

Before: LINN,** RAWLINSON, and HUNSAKER, Circuit Judges.
Concurrence by Judge HUNSAKER

Appellants Jeffrey and Katherine Harper (collectively, "Taxpayer") appeal the

dismissal of their Complaint for failure to exhaust their administrative claim for

research tax credits under 26 U.S.C. § 7422. Because the IRS's substantive four-

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Richard Linn, United States Circuit Judge for the U.S.
Court of Appeals for the Federal Circuit, sitting by designation.

year audit specifically directed to determining Taxpayer's eligibility for an increased research activities credit constituted waiver of the IRS's enforcement of the specificity requirement in 26 C.F.R. § 301.6402-2(b)(1) with respect to Taxpayer's formal claim for increased research tax credit, we reverse.

The federal courts' jurisdiction to review a taxpayer's refund claim is conditioned on the Taxpayer's filing of the claim for refund or credit with the IRS "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422; *Boyd v. United States*, 762 F.3d 1369, 1371 (9th Cir. 1985) (noting that satisfaction of § 7422 is a jurisdictional prerequisite). Jurisdiction depends upon substantive satisfaction of 26 C.F.R. § 301.6402-2(b)(1) (the "specificity requirement"). The specificity requirement, like the statute it regulates, is an administrative exhaustion provision, intended to "ensure that the IRS is given adequate notice of each claim and its underlying facts, so that the IRS may conduct an administrative investigation and determination." *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999). The specificity requirement is intended "to prevent surprise, and to give the IRS adequate notice of the claim and its underlying facts so that it can make an administrative investigation and determination regarding the claim." *Boyd*, 762 F.2d at 1371.

The IRS *can* waive satisfaction of the specificity requirement despite the jurisdictional nature of § 7422. *Angelus Milling Co. v. Comm'r of Internal Revenue*,

2

325 U.S. 293, 297 (1945) (holding that the Commissioner may choose "not to stand on his own formal or detailed requirements" by substantively considering Taxpayer's claims); *Martinez v. United States*, 595 F.2d 1147, 1148 (9th Cir. 1979); *Gov't Br.* at 37. Waiver may be established upon an "unmistakable" showing "that the Commissioner has in fact [seen] fit to dispense with his formal requirements and to examine the merits of the claim." *Angelus Milling*, 325 U.S. at 297.

The IRS's substantive examination and final denial on the merits constitutes a textbook case of waiver here. Over the course of the four-year audit, the IRS targeted its questioning and document requests specifically on determining Taxpayer's eligibility for the increased research credit, including, *inter alia*, Taxpayer's project accounting practices, the means used to translate that accounting to capture Qualified Research Expenses, the breakdown of its business components, the satisfaction of the "substantially all" rule of 26 U.S.C. § 41(d)(1)(C) and the breakdown of eligible employee salaries. Upon receiving Taxpayer's multiple answers and over a hundred thousand pages of documentary support, the IRS substantively determined that "You have not shown you are entitled to the claimed refund" and informing Taxpayer of the availability of recourse by filing suit in the district court to challenge the IRS's determination. The direction to bring suit in case of disagreement is a strong indication of the IRS's understanding that it was making a substantive determination. At no point, up to and including its final

determination, did the IRS tell Taxpayer that it had not submitted enough information or evidence to satisfy the specificity requirement or for it to determine Taxpayer's eligibility for the tax credit.

Although the IRS is entitled to "insist that the form [in which the commissioner requests information] be observed so as to advise him expeditiously and accurately of the true nature of the claim," *Angelus Milling*, 325 U.S. at 299, the IRS is equally entitled to seek the information it needs through investigation and waive the specificity requirement, *id.* at 297. It did so here by accepting Taxpayer's properly filed Forms 6765 and substantively examining Taxpayer's specific claims. The IRS's targeted investigation and final determination unmistakably demonstrates that it understood Taxpayer's claims and "the exact basis thereof," 26 C.F.R. § 301.6402-2(b)(1), that it had "adequate notice of the claim and its underlying facts so that it [could and did] make an administrative investigation and determination regarding the claim," *Boyd*, 762 F.2d at 1371, that the Commissioner's attention *was* focused on the merits of the particular claim and that it chose "not to stand on [its] own formal or detailed requirements," *see Angelus Milling*, 325 U.S. at 297.

The government's argument that Taxpayer waived IRS's waiver of the specificity requirement is belied by the fact that Taxpayer repeatedly relied on the IRS's audit and decision in its argument in opposition to the government's Motion to Dismiss and in its reconsideration motion. Indeed, when asked by the district

4

court whether Taxpayer agreed that "the IRS didn't waive their jurisdictional requirements" Taxpayer's attorney answered "No." Section 7422 conditions the federal courts' jurisdiction on a Taxpayer's interaction with the IRS and the IRS's response thereto, *see* 26 U.S.C. § 7422, not on whether a party makes an explicit argument to the district court. Moreover, the question of whether the IRS waived its specificity requirement is dispositive of this court's and the district court's jurisdiction and at least to that extent is well within our discretion to consider. *See Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993).

Because the government's only objection to jurisdiction under § 7422 is the failure to satisfy the specificity requirement and because the IRS has waived that requirement here, we reverse the district court's dismissal and remand for proceedings consistent with this disposition.[1]

**REVERSED and REMANDED**.

---

[1] Because our holding is case-dispositive, we need not and do not consider whether the Taxpayer's filing of Form 6765 itself satisfied the formal claim requirements, whether Taxpayer perfected its claim by its submissions during the IRS's investigation, or whether the district court abused its discretion by not ordering jurisdictional discovery.

*Harper v. United States*, No. 19-55933
HUNSAKER, Circuit Judge, concurring in the judgment.

I agree with the majority that the district court erred in concluding that it lacks jurisdiction over this case because Taxpayer failed to exhaust administrative remedies and, therefore, the case must be reversed and remanded. I write separately, however, to explain why I think this case should be resolved on the informal claim doctrine, not waiver.

## I.    Waiver

"It is well-established that a party can waive waiver implicitly by failing to assert it." *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) (internal quotation marks and citation omitted). Moreover, arguments not raised in a party's opening brief on appeal are deemed waived. *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

Here, Taxpayer did not argue to the district court that the IRS waived the specificity requirement in 26 C.F.R. § 301.6402-2(b)(1). Instead, Taxpayer argued that it *satisfied* the specificity requirement. Further, on appeal Taxpayer did not assert waiver by the government in its briefing or during oral argument. Nonetheless, the majority concludes that Taxpayer did not forfeit waiver because it "repeatedly relied on the IRS's audit and decision in its argument in opposition to the government's Motion to Dismiss and in its reconsideration motion." This is an inaccurate reading of the record.

1

In opposing the government's motion to dismiss, Taxpayer referenced the audit only in relation to its argument that it met the specificity requirement. Likewise, in its motion for reconsideration, Taxpayer briefly mentioned "waiver" but only related to its argument that it had met the informal claim doctrine. Indeed, despite the district court specifically asking Taxpayer's counsel about the government's waiver during the hearing on the motion for reconsideration, Taxpayer still failed to assert waiver, focusing instead on how it had satisfied the specificity requirement. Taxpayer was represented by experienced and able counsel throughout the proceedings, and with the benefit of its counsel's advice, Taxpayer chose the litigation strategy it deemed best. The court should not substitute its judgment for that of the parties in shaping their case. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("[O]ur system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." (second alteration in original) (internal quotation marks and citation omitted)). On this record, Taxpayer forfeited any reliance on the government's waiver of the specificity requirement, and the case should not be resolved on that ground.

Additionally, it is Taxpayer's burden to show that the government waived compliance with the regulations. *See Quarty v. United States*, 170 F.3d 961, 973 (9th Cir. 1999); *see also Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 298 (1945)

2

(imposing burden on the taxpayer to show that the government waived compliance with the specificity requirements of the regulations). Taxpayer did not meet this burden because it never asserted waiver or attempted to make a showing of waiver.

The majority concludes that the court can exercise its discretion to address the government's waiver because it is a jurisdictional question. However, the specificity requirement (or the government's waiver thereof) is itself not jurisdictional—otherwise, the requirement could not be waived. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1091 (9th Cir. 2007). While the government "may waive the regulatory specificity requirement in limited circumstances, the [government] has no power to waive the statutorily-imposed exhaustion requirement, which is an inseverable condition on Congress's waiver of sovereign immunity under § 1346(a)(1)." *Id.* (footnote omitted). The Supreme Court has held that while the government may not waive the congressionally-mandated filing requirement, the Treasury can waive its formality requirements. *Angelus Milling*, 325 U.S. at 296–97 ("Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials," but the Commissioner may "choose[] not to stand on his own formal or detailed requirements.") Therefore, precedent draws a clear line between the jurisdictional question surrounding the exhaustion of administrative remedies and waiver of a form-of-presentation regulation, such as the specificity requirement.

While I recognize the court has discretion to reach waived issues in limited circumstances, *see In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010), "the more prudent course is to resolve the case on the basis of the issues actually briefed and argued by the parties," *Norwood*, 591 F.3d at 1068. Therefore, in my view, this case is better resolved on the informal claim doctrine— a theory that was briefed and argued by both parties.

## II. Informal Claim Doctrine

The informal claim doctrine "is concerned with claims that are deficient merely in one or two of the technical requirements imposed by the Treasury regulation [26 C.F.R. § 301.6402–2(b)(1)]." *Comm'r v. Ewing*, 439 F.3d 1009, 1015 (9th Cir. 2006) (alteration in original) (internal quotation marks omitted). We have not adopted a formalized test for the informal claim doctrine, but other jurisdictions have articulated various tests. *See, e.g., PALA, Inc. Emps. Profit Sharing Plan & Tr. Agreement v. United States*, 234 F.3d 873, 877 (5th Cir. 2000); *New England Elec. Sys. v. United States*, 32 Fed. Cl. 636, 641 (Ct. Cl. 1995) (adopting a three-part test for the informal claim doctrine). Though articulated with different words, the tests contain the same general requirements: (1) a written request for a refund; (2) that specifies the tax and the year for which the refund is sought; and (3) that provides sufficient notice to allow the government to investigate the claim. *See, e.g., PALA, Inc. Emps. Profit Sharing Plan & Tr. Agreement*, 234 F.3d at 877; *New England*

4

*Elec. Sys.*, 32 Fed. Cl. at 641; *see also Palomares v. Comm'r*, 691 F. App'x 858, 859 (9th Cir. 2017).

Under any of the articulations of the informal claim doctrine, Taxpayer has satisfied it. Taxpayer filed Form 6765 and amended returns that put the government on notice that Taxpayer was requesting a refund for the 2008 and 2010 tax years and that the basis for the claimed refund was 26 U.S.C. § 41, for increased research activities. While there may have been defects in Taxpayer's filing for purposes of the formal claim requirements, the government had sufficient information to be on notice of Taxpayer's basis for the requested refund.

Further, Taxpayer "perfected" its claim during the IRS's investigative process. *See United States v. Kales*, 314 U.S. 186, 194 (1941) (explaining an insufficient refund request may still be "treated as a claim where formal defects and lack of specificity *have been remedied* by amendment filed after the lapse of the statutory period" (emphasis added)). For example, the extensive correspondence between the government and Taxpayer, and the over 112,000 pages of documentation produced by Taxpayer, demonstrated Taxpayer's methodology for how it calculated the refund it claimed. While the information Taxpayer provided might not merit a refund under 26 U.S.C. § 41, it was sufficient to perfect Taxpayer's claim.

5

For these reasons, I would conclude that Taxpayer waived any reliance on the government's waiver of the specificity requirement but exhausted its administrative remedies under 26 U.S.C. § 7422 based on the informal claim doctrine. I respectfully concur only in the judgment.